## G. R. GRIMES AND ANOTHER, v. WILLIAM A. HAGOOD.

An averment that the plaintiff advanced to defendant a certain sum of money on the 18th of January, 1855, which the latter promised to repay within a short time thereafter, to-wit: on the —— day of —— A. D. 1855, is not to be taken so strongly against the plaintiff as to amount to no more than an averment that the money was to be repaid on the last day of the year 1855 ; and the suit being brought on the 25th of October, 1855, it was held that a general demurrer would not lie on the ground that it did not appear from the averment that the debt was yet due.

Where money is advanced on cotton received in store, the cotton is the primary fund for the discharge of the sum advanced, and in a suit to recover money so advanced, where there is a failure of reimbursement out of the cotton, the petition should not allege a general loan, but should state the very facts.

If one party expressly aver a material fact, omitted on the other side, the omission is cured.

A receipt for so much money as an advance on cotton in store and to arrive, draws interest from date.

Error from Cherokee.    Tried below before the Hon. John H. Reagan.

The petition filed Oct. 25th, 1855, by appellee against appellants, alleging that on the 18th of January, 1855, the plaintiff delivered said defendants $750, which defendants promised to pay back, with interest, at the rate of twelve per cent. per annum, within a short time thereafter, to-wit : on the —— day of —— A. D. 1855 ; and that said defendants, as evidence thereof, did then and there sign- and deliver to plaintiff, their certain receipt in writing, bearing date the day and year aforesaid.    Averment of request and refusal to pay.

Defendants demurred generally, and specially on the ground that it was not alleged that the contract to pay interest was in writing.    General denial.    Special plea to the effect that the plaintiff kept a warehouse for storing cotton at Magnolia, on the Trinity river, to await transportation ; that the money

sued for, was advanced by plaintiff on cotton of defendants, stored with plaintiff; and that the whole of the cotton was destroyed by fire, through the neglect and gross carelessness of the plaintiff; and defendants prayed a recovery in reconvention, of the value of the cotton, alleged to have been one hundred and fifty-nine bales, of the value of six thousand dollars.

Plaintiff amended by filing the defendant's receipt, as part of the petition, a copy of which will be found in the Opinion.

The Court overruled the defendants' general demurrer, but sustained the special exception as to the interest beyond eight per cent.

At the trial, when plaintiff offered the receipt in evidence, defendants objected on the grounds stated in the Opinion, which objections were overruled. It was proved that all of the cotton was burned, but there was no proof of any carelessness or negligence on the part of the plaintiff. The Court charged the jury, that if they found for plaintiff, they should allow interest at eight per cent. per annum, from the date of the receipt. The jury found for the plaintiff the amount of the receipt, and eight per cent. interest. Motion for new trial overruled, &c.

*Donley & Anderson*, for plaintiffs in error, in support of the general demurrer to the petition, cited 1 Chit. on Pl. 251; Petty v. Cleveland, 2 Tex. R. 404; Warner v. Bailey, 7 Id. 517. Also, argued that the receipt was evidence of part payment on account of a purchase of the cotton; and further, that it was error to charge the jury that plaintiff was entitled to recover interest from the date of the receipt.

*J. E. Cravens*, for defendant in error, cited Gould on Pl. Chap. 3, Sec. 192; William v. Hubbard, 1 Code Rep.; 14 Tex. R. 658.

HEMPHILL, CH. J. The petition was filed on Oct. 25th,

1855, and the plaintiff alleges that, on the 18th January, in that year, he had advanced the sum of seven hundred and fifty dollars to the defendants, which they promised to repay within a short time thereafter, to-wit : on the —— day of—— A. D. 1855. The defendants contend that their general demurrer to the petition should have been sustained, on the ground that the action was prematurely brought ; that, by the averment, they had until the last day of eighteen hundred and fifty-five to make payment. The allegation, in relation to the time for payment, has very little certainty ; but it would not be a fair construction, to hold that a promise to pay within a short time after the 18th January, 1855, viz : on the —— day of —— in that year, could not be enforced until after the expiration of the year. The reasonable meaning of the language is, that payment is to be within the year : and if suit is brought prematurely, that is matter to be shewn and established by the defence.

There was no error in overruling the general demurrer.

At the trial, the plaintiff offered to read in evidence, a receipt, signed by defendants, a copy of which is in substance, as follows : "Rec'd, Magnolia, January 18th, 1855, of W. A. Hagood, seven hundred and fifty dollars, an advance on cotton now in store and to arrive ;" signed by the defendants. The defendants objected on the grounds : 1st. That it did not appear by said receipt, whether the money advanced was a loan to defendants, or the purchase money of the cotton. 2. Because there was no averment in the petition, as to what had been done with the Cotton. 3. That it did not appear by the receipt, that the money was due at the institution of the suit.

As to the first objection, that it did not appear from the receipt, whether the money advanced was by way of loan, or as the purchase money of the cotton, it will suffice to say, that the obvious signification of the language is, that the cotton in store was the property of defendants, and, consequently, the advance upon it must have been by way of loan. But further, their an-

Grimes v. Hagood.

swers had averred and reiterated, in substance, that the cotton was their property, and stored in the warehouse of the plaintiff. The fact that there had been no transfer of the property, precludes the idea that the sum advanced was a portion of the purchase money.

The second objection, that there was no averment in the petition, as to what had been done with the cotton, is not without plausibility or force.

There is no doubt that the cotton was the primary fund for the discharge of the sum advanced. The jury were charged, and we think correctly, to this effect by the Court. If so, the petition, instead of being a general declaration for money loaned or delivered, should have stated the receipt of the cotton, the advance on the same, the storage by plaintiff, and that the cotton, before repayment of the advance, was destroyed by fire, without fault or negligence on the part of the plaintiff. These are the facts on which the plaintiff now seeks recovery from the defendants. They are material, issuable facts, and must be established in order to entitle the plaintiff to judgment. When proved, they at once fix the liability of the defendants. It is not material that the implied premises or undertakings of a defendant should be averred. These are conclusions of law. But it is essential that the facts on which his liability to recovery in the action depends, should be alleged.

There is a ground, however, on which the objection for want of averment as to the disposition of the cotton, was properly overruled, viz: that the omission of the petition to state what had become of the primary fund—the cotton—was cured by the averments of the answer, to the effect that the cotton, after being stored with plaintiff, had been destroyed by fire. If one party expressly aver a material fact, omitted on the other side, the omission is cured. (Gould on Pleading, chap. 3, Sec. 192 ; Hill v. George, 5 Tex. R. 79 ; Nesbitt v. Richardson, 14 Id. 658.)

By the pleadings, taken together, the controversy was re-

duced to a single issue, viz : whether the loss of the cotton was to be attributed to accident, without fault on the part of the plaintiff, or whether it was lost by his want of care and negligence.

There was no error in admitting the receipt in evidence as against the second ground of objection ; nor as against the third ground, which, it is conceived, does not require any special examination.

The question before the jury was one of fact. Their verdict was supported by evidence, and the judgment is affirmed.

Judgment affirmed.