GULF, COLORADO & SANTA FE RAILWAY COMPANY v. CHARLES ANDERSON.

No. 2841.

1.  **Care by Person Crossing Railway.**— There is no statutory enactment or fixed rule of law prescribing exactly what a party must do who approaches a railway crossing. If aware of it he is held to use such precautions as a prudent man would resort to under similar circumstances.

2.  **Cases Adhered to.**—Railway v. Wilson, 60 Texas, 143; Railway v. Chapman, 57 Texas, 82; and Railway v. Lee, 70 Texas, 501, adhered to.

3.  **Same—Charge.**—It would be an infringement upon the province of the jury for the court to charge that it was the duty of the person approaching a railway crossing to do any particular act, failure of which would be negligence; nor should special issues be given submitting particular acts of the plaintiff in approaching the crossing. The court can not determine negligence as an inference from any fact or group of facts in evidence.

4.  **Allegata and Probata.**—The petition alleged that plaintiff was injured at the crossing at intersection of Twenty-seventh Street with Avenue A, in Galveston. The defense alleged that the collision occurred while plaintiff was walking upon trestle work. Under these allegations testimony to the injury upon the trestle work was relevant; the omission in the petition was supplied in the answer.

5.  **Rebutting Testimony.**—In suit for damages for injuries from negligence of defendant at a street crossing upon a railway the defendant pleaded contributory negligence, and that if plaintiff had looked or listened for the approaching train, which he could have done, he would have discovered the same in time to have avoided the accident. *Held,* that without replication the plaintiff could prove that his view of the train was obscured by smoke or steam, thereby seeking to negative the existence of negligence on his part.

6.  **Charge—Statutory Notice of Train.**—It is no ground for reversal that the trial court charged in the words of the repealed statute (Rev. Stats., art. 4232), "It is the duty of the railway companies to ring the bell or blow a whistle at the distance of at least eighty rods from the place where such railway shall cross any street, and to keep ringing or blowing until it shall have crossed such street, or stopped," instead of the amended article of March 21, 1885.

Appeal from Galveston. Tried below before Hon. Wm. H. Stewart. The opinion states the case.

*J. W. Terry,* for appellant. — 1. It is the legal duty of a person who is about to step on or across a railroad track to look, if he can, in both directions, to see if a train is approaching which may do him injury; and if there are no circumstances developed by the evidence which would authorize the jury to find that there was sufficient cause or excuse for the failure to perform such duty, and if but for the failure to perform such duty the accident would not have occurred, then such person as a matter of law is guilty of contributory negligence and can not recover. Railway v. Bracken, 59 Texas, 71; Railway v. Kutac, 72 Texas, 643; Railway v. Burnet, 3 Ct. App. C. C., sec. 38; Golhard v. Railway, 67 Ala., 114; Railway v. Thompson, 62 Ala., 494; Peck v. Railway, 14 Am. and Eng. Ry. Cases, 633; Fleming v. Railway, 49 Cal., 253; Glasscock v. Railway, 73 Cal., 137; Railway v. Dimmick, 96 Ill., 42; Railway v. Rudel, 100 Ill., 603; Railway v. Still, 19 Ill., 499; Railway v. Hatch, 79 Ill., 137; Railway v. Goddard, 72 Ill., 567; Railway v. Bynam, 80 Ill., 528; Railway v. Bell, 70 Ill., 102; Railway v. Clark, 73 Ind., 168; Railway v. Hunter, 33 Ind., 365; Ivens v. Railway, 23 Am. and Eng. Ry. Cases, 258; Railway v. Hammock, N. E. Rep., 737; Railway v. Matthias, 50 Ind., 65; Schaeffert v. Railway, 62 Ia., 624; Pence v. Railway, 19 Ia., 366; Benton v. Railway, 42 Ia., 192; Harris v. Railway, 41 Ia., 227; Lavarenz v. Railway, 56 Ia., 689; Railway v. Adams, 19 Am. and Eng. Ry. Cases, 376; 33 Kans., 427; Railway v. Davis, 16 Pac. Rep., 78; Railway v. Townsend, 35 Am. and Eng. Ry. Cases, 352; Wheelwright v. Railway, 135 Mass., 225; Tully v. Railway, 134 Mass., 499; Allyn v. Railway, 105 Mass., 77; Wright v. Railway, 129 Mass., 440; Butterfield v. Railway, 10 Allen, 532; Kelly v. Railway, 75 Mo., 138; Henze v. Railway, 71 Mo., 636; Zimmerman v. Railway, 71 Mo., 476; Powell v. Railway, 76 Mo., 80; Fletcher v. Railway, 64 Mo., 484; Steff v. Railway, 85 Mo., 229; Le San v. Railway, 77 Me., 85; Kwiotkowski v. Railway, 38 N. W. Rep., 463; Haas v. Railway, 47 Mich., 401; Railway v. Miller, 25 Mich., 274; Mahlen v. Railway, 14 Am. and Eng. Ry. Cases, 687; Pzolla v. Railway, 19 Am. and Eng. Ry. Cases, 334; Muyning v. Railway, 23 Am. and Eng. Ry. Cases, 317; Straight v. Railway, 36 N. W. Rep., 161; Brown v. Railway, 22 Minn., 165; Marty v. Railway, 35 N. W. Rep., 670; Railway v. The State, 19 Am. and Eng. Ry. Cases, 326; Railway v. Hobbs, 19 Am. and Eng. Ry. Cases, 337; Railway v. Neubeur, 62 Md., 391; Railway v. Mitchell, 52 Miss., 812; Telfer v. Railway, 30 N. J. Law, 138; Hamilton v. Railway, 13 A. R., 29; Berry v. Railway, 48 N. J. Law, 141; Railway v. Righter, 42 N. J. Law, 180; Wilcox v. Railway, 39 N. Y., 358; Baxter v. Railway, 41 N. Y., 502; Young v. Railway, 14 N. E. Rep., 434; Harty v. Railway, 42 N. Y., 468; Wilds v. Railway, 24 N. Y., 430; Gorton v.

Railway, 45 N. Y., 660; McGrath v. Railway, 59 N. Y., 468; Cullen v. Railway, 21 N. E. Rep., 716; Railway v. Rathgeb, 32 Ohio St., 66; Railway v. Whitehead, 35 Ohio St., 627; Railway v. Ritchie, 102 Pa. St., 425; Railway v. Beale, 73 Pa. St., 504; Railway v. Heilman, 49 Pa. St., 60; Railway v. Coyle, 55 Pa. St., 396; Railway v. Hall, 61 Pa. St., 361; Railway v. Boyer, 97 Pa. St., 91; Ormsbee v. Railway, 14 R. I., 102; Railway v. Kellam, 3 S. E. Rep., 703; 70 Wis., 216; Winstaley v. Railway, 35 Am. and Eng. Ry. Cases, 374; Schofield v. Railway, 114 U. S., 615; Railway v. Houston, 95 U. S., 397; Railway v. Slatterly, 3 L. R. App. Cases, 1155; Stapley v. Railway, L. R. 1 Exch., 13; Cliff v. Railway, L. R. 5 Q. B., 258; Skelton v. Railway, 2 C. P., 631.

2. Where the evidence develops circumstances from which the jury may reasonably conclude that there existed a sufficient excuse for the failure in the performance of the duty to look before stepping on the railroad track, then the question should be submitted to the jury under general instructions to determine whether or not the plaintiff was guilty of contributory negligence. Where the evidence does not develop any circumstances from which the jury could reasonably find that there existed such excuse, then there is but one issue before the jury, viz., whether the plaintiff did look for the train, and whether, if he had looked, he would have seen the same in time to have avoided the accident. Railway v. Bracken, 59 Texas, 71; Beach on Con. Neg., 191; Railway v. Rathgeb, 32 Ohio St., 66; Railway v. Hunter, 33 Ind., 365; Railway v. Heilman, 49 Pa. St., 60; Railway v. Mitchell, 52 Miss., 812; Railway v. Bell, 70 Ill., 102; Railway v. Goddard, 72 Ill., 568; Haines v. Railway, 41 Ia., 227; Benton v. Railway, 42 Ia., 192; Zimmerman v. Railway, 71 Mo., 476; Ormsby v. Railway, 14 R. I., 102, and cases cited; Note to 35 Am. and Eng. Ry. Cases, 325; Railway v. Neubeur, 62 Md., 39.

3. The evidence in this case does not develop any reasonable cause or excuse for the failure of plaintiff to look for the train just before stepping on the railroad track, and hence the only issue before the jury was as to whether he did look, and whether if he had looked he would have seen the train in time to have avoided the accident, and the jury should have been so charged, as requested by the defendant. Under the facts the box cars on the side track was no excuse, nor was the approaching passenger train from the east. Railway v. Townsend, 35 Am. and Eng. Ry. Cases, 352; Allerton v. Railway, 34 Am. and Eng. Ry. Cases, 563.

4. The complainant in a court of equity, as well as law, must recover, if at all, upon the identical case upon which he has based his right of recovery, in stating his cause of action. Facts proven can not form the basis of judgment unless alleged. Plaintiff having based his right to a recovery in his petition on the allegation that he was struck on the Twenty-seventh Street crossing as he was about to cross the railroad track, and that he was prevented from seeing the approaching train be-

fore stepping on the crossing by a line of box cars on the south side of the track, could recover only on proof of those allegations; and if the fact was that he was not so injured, but while walking on the railroad bridge or trestle work eastward from Twenty-seventh Street, then, under his petition, he is not entitled to recover on such fact, and the jury should have been so instructed. Mims v. Mitchell, 1 Texas, 443–46; Lemmon v. Hanley, 28 Texas, 219–27; Dennison v. League, 16 Texas, 399; Parker v. Beavers, 19 Texas, 406; Express Co. v. Darnell, 62 Texas, 639; 2 Myers' Dig., pp. 919, 920; Hall v. Jackson, 3 Texas, 305; Paul v. Perez, 7 Texas, 338–45; McKinney v. Fort, 10 Texas, 234; Price v. Railway, 3 Am. and Eng. Ry. Cases, 365; Batterson v. Railway (Mich.), 8 Id., 123; Waldhier v Railway, 71 Mo., 514; Railway v. Narcott, 41 Mich., 433; Allerton v. Railway, 34 Am. and Eng. Ry. Cases, 563; Buffington v. Railway, 64 Mo., 246; Springfield Railway v. De Camp., 11 Brad., 475; Railway v. Stark, 38 Mich., 714.

5. If the fact was that the plaintiff was injured while walking on the trestle work to the eastward of Twenty-seventh Street, then the entire evidence in the case shows that he was in the exercise of no care whatever to ascertain whether the train was approaching from behind; and the evidence failing to show that he was in the exercise of any care whatever, there is no evidence upon which the jury could predicate a verdict in his favor, and hence the defendant was entitled to the instruction that if the jury so believed that he was walking on said trestle work, then the defendant was entitled to a verdict. Railway v. Garcia, 75 Texas, 583; Hughes v. Railway, 67 Texas, 595.

That there must be evidence reasonably sufficient to show that he was in the exercise of care to justify submission of issue to jury. Railway v. Mannewitz, 70 Texas, 73.

6. The plaintiff's petition showing that he was struck in day time, on a public street crossing, necessarily by stepping almost immediately in front of an approaching engine, exposed him to the charge of contributory negligence, and it was incumbent upon him by proper allegations to obviate such charge, and hence he was bound in his petition to allege facts which would excuse his failure to see or hear the approaching train in time to have remained off the track. The pleader appreciated this rule, and alleged that he was prevented from seeing by the box cars on the side track. Having pleaded that excuse, he was confined to the same as a ground of recovery in avoidance of contributory negligence, and could not recover on the separate and distinct ground, not pleaded, that the view of the train was obscured by smoke instead of box cars. Railway v. Doyle, 49 Texas, 200; Railway v. Foreman, 11 S. W. Rep., 326; Railway v. Crowder, 63 Texas, 503; Brown v. Sullivan, 71 Texas, 470; Railway v. Murphy, 46 Texas, 366; Railway v. Hennessey, 75 Texas, 155.

*John Lovejoy* and *Wheeler & Rhodes*, for appellee. — 1. The verdict was fully supported by the evidence. Brown v. Griffin, 71 Texas, 658; Railway v. Lee, 70 Texas, 501; Railway v. Wilson, 60 Texas, 144; 57 Texas, 82; 67 Texas, 598; 65 Texas, 32; 61 Texas, 485; 65 Texas, 447.

2. The matters in contention are all issues of fact, pure and simple, under charges full and favorable, passed upon by the jury. "What is negligence in a particular case, causing injury, is a question for the jury." The issue of contributory negligence was fairly submitted to the jury, and has by the verdict been determined in plaintiff's favor. Railway v. Moore, 69 Texas, 160; Railway v. Gasscamp, 69 Texas, 547. . "It is now assigned as error that the verdict of the jury is contrary to the evidence because the testimony shows 'that the plaintiff was guilty of contributory negligence in attempting to ride across a bridge that he knew was defective and dangerous.' The issue of contributory negligence was submitted to the jury and has by the verdict been determined in favor of the plaintiff. This is conclusive of the question, unless we can say that the act of the plaintiff was negligent in law, or at least that it tended so strongly to establish negligence on his part that the verdict should not be permitted to stand." Railway v. Lee, 70 Texas, 501; 62 Texas, 518; 57 Texas, 75; 56 Texas, 332; 69 Texas, 160.

3. This was a public street—a public, much-used crossing. Anderson was on a lawful errand—going to his work. Had a right to be upon this street and crossing. Had a right (and was compelled) to cross this track after looking and listening. Under the great weight of the evidence no bell or whistle sounded a warning of the approaching train. Anderson had a right to expect these signals. A long line of box cars obstructed the view. A dense column of smoke thrown out from passing locomotives obstructed the view west. No sufficient watch at crossing. No lookout on engine. Speed in excess of that allowed by law, and dangerous. Under these facts, and the statutory obligations imposed upon the defendant, plaintiff was entitled to a verdict. Railway v. Lee, 70 Texas, 502; 71 Texas, 658; Woods on Rys., 1302, 1303; 59 Texas, 332; Deer. on Neg., sec. 243; 70 Texas, 501; 65 Texas, 32; 61 Texas, 485; 60 Texas, 142–44.

4. "There is no statutory rule or fixed rule of law prescribing exactly what a person must do who approaches a railroad crossing." 57 Texas, 82. This court has repeatedly sanctioned the refusal to give the charges refused made the basis of this assignment of error. We state our counter-proposition in the exact language of this court (Railway v. Lee, 70 Texas, 501): "Our courts have refused to recognize as a duty of the trial judge to attempt to define duties, neglect of which would be negligence in absence of statutory definitions of duties, which disregarded are negligence as a matter of law." Putting this matter in the shape of special issues

does not vary the rule.    Besides, were this the law, no injury could have been done to the appellant by reason of the failure to give such a charge, because by the overwhelming testimony that appellee did look and listen several times, and all the time, before and as he entered upon the track; and good and sufficient reasons are given why this precaution availed nothing.    70 Texas, 501; 60 Texas, 142; 57 Texas, 75.

HENRY, Associate Justice.—The petition charges that heretofore, to-wit, on the 29th day of August, A. D. 1888, and prior and subsequent thereto, defendant, as a common carrier of freight and passengers, was engaged in running and operating coaches, passenger and freight trains, drawn by locomotives, operated and propelled by steam, on and along Avenue A, in the city and county of Galveston, and across Twenty-seventh Street in said city, and at and upon the said Twenty-seventh Street on said Avenue A and the intersection of said streets in said city, the said Avenue A and Twenty-seventh Street and the crossing and intersection thereof being a public street and thoroughfare in constant and daily use by the public, and one of the most generally used streets in said city, the same being within the corporate limits thereof; that on the day and date last aforesaid, while plaintiff was engaged in the lawful pursuit of his business, and while in so doing he was walking along the said public street and said highway, to-wit, Twenty-seventh and across said Avenue A and the crossing thereof, and while upon the crossing at intersection of said public streets, he was run down or run into and struck with great force by one of the locomotives of said defendant drawing a train of cars at great speed on said Avenue A and across said Twenty-seventh Street, greatly wounding and bruising him, and injuring plaintiff, and so crippling him as to render him sick and weak for the remainder of his life; that the front of said engine struck plaintiff on the back and right side, and on the back of his head and neck, and so bruising his head and body, and so injuring his spine, and so shocking his nervous system, and so bruising his back and whole body as to seriously affect his back, his spine, right side, head, and neck, as not only to weaken his whole body and destroy his physical health, but also to greatly affect and impair his mind, and cause him great distress, physical and mental anguish, and to such an extent as to prevent his doing any work or pursuing his avocation, that of a cotton screwman and stevedore, or to attend to any business whatever; that plaintiff at the time of said injury was about forty-four years of age, a strong and able bodied man, and had been so for years prior thereto, and for many years had been steadily employed and earning the sum of one hundred dollars per month, by which he was enabled to support himself and family, consisting of a wife and five children; that since the said injury plaintiff has been incapable of earning anything or doing any work whatever, and is a cripple for life, and will be a sufferer the balance of his life;

that the ordinances of the city of Galveston, and especially and particularly section 3, article 3, of the Revised Ordinances of the City of Galveston, provide that it shall be unlawful to run a steam engine or any railroad within its city limits at a greater speed than four miles per hour. Plaintiff avers that on the day and date last aforesaid persons approaching or crossing the said Avenue A on Twenty-seventh Street were prevented from seeing whether locomotives or trains were approaching from the west by reason of the fact that a long line of freight cars were kept standing on a side track parallel with and within a few feet of the main track, and the one upon which plaintiff was struck. Plaintiff avers that notwithstanding the premises aforesaid, and notwithstanding the law of the State of Texas in reference to a warning bell or whistle, and notwithstanding the ordinances of the city of Galveston, on the said day and date the said defendant, without warning or notice by bell or whistle, or any other mode or manner, with great force and violence, and at great speed, to-wit, the rate of twenty miles per hour or more, without having a competent flagman to give notice of approaching trains, as required by law, and as was the custom of defendants, ran into and upon and ran down plaintiff, no opportunity having been given him of escaping, injuring him as aforesaid, all of which occurred without fault or negligence on the part of the plaintiff, but through the negligence, carelessness, and unlawful and improper conduct of said defendant, its servants, and its agents.

The defendant answered by a general denial, and alleged specially that the plaintiff, had he looked or listened for the approaching train, which he could have done, would have discovered the same in time to have avoided the accident; and further, that the plaintiff was not struck on the crossing at the intersection of Avenue A and Twenty-seventh Street, but that he was struck some distance east of Twenty-seventh Street crossing, while carelessly and negligently walking on the trestle work, or bridge, upon which the railroad track was constructed, and which was not intended to be used for the purpose of foot travel, and that he failed to exercise any care to learn of the approaching train.

The case was tried before a jury, and there was a verdict and a judgment in favor of plaintiff for $6000. It is complained that the court erred in the following particulars:

"1. In refusing to submit to the jury the first and second special issues requested by the defendant, which were as follows: (1) Could the plaintiff by looking westward before he went upon the railroad track have seen the approaching train in time to have avoided his injury? (2) If, immediately before he stepped on the railroad track upon which he was struck by the engine, the plaintiff had looked to the westward, would he have seen the approaching train in time to have remained off the track and avoided the accident?

"2. In refusing to give the fourth special charge requested by the

defendant, which is as follows: (4) You are charged that no matter how negligent the defendant or its employes may have been, that nevertheless if you find from the evidence that the plaintiff Anderson failed to use his senses of sight and hearing to discover the approaching train, and that if he had looked for the train he could and would have seen the same in time to avoid the injury, you will find for defendant.

"3. In not in some form charging the jury that it was the plaintiff's duty to use care and prudence to discover the approaching train before going on the railroad track, and in not charging the jury that it was the plaintiff's duty to look for the approaching train from the west before going on the railroad track, and if by the exercise of such precaution he could have discovered the train in time to have avoided the accident, he could not recover."

In the case of Houston & Texas Central Railway v. Wilson this court said: "Our statute does not require persons approaching a public crossing on a railroad to stop and listen and look out for approaching trains; therefore it would be incorrect for the court to instruct the jury that a failure to do so would constitute negligence. Whether a failure to do so would or would not constitute negligence is a question of fact to be determined by the jury from the facts and circumstances of each particular case." 60 Texas, 143, 144.

In the case of Texas & Pacific Railway Company v. Chapman, 57 Texas, 82, it was said on this subject: "In the seventh instruction refused the court was asked to tell the jury to find for defendant if plaintiff on approaching the crossing did not look for approaching trains, and that if he had done so the injury would not have occurred. There is no statutory rule or fixed rule of law prescribing exactly what a party must do who approaches a railroad crossing. If aware of the fact he is held to use such precautions as a prudent man would resort to under similar circumstances. Attempts by the court to prescribe the exact thing to be done would be infringing on the province of the jury and charging on the weight of evidence." Railway v. Lee, 70 Texas, 501.

The charges requested could not have been given consistently with these decisions. It would have been inconsistent, and equally improper, to have submitted the special issues requested.

Article 1331 of the Revised Statutes reads: "The special verdict must find the facts as established by the evidence, and not the evidence by which they are established, and the findings must be such as that nothing remains for the court but to draw from such facts the conclusions of law."

The court refused to charge the jury at the request of defendant: "If you find from the evidence that the plaintiff Anderson was not on the crossing or intersection of Twenty-seventh Street, but that he was walking up the trestle work or railroad track to the eastward of Twenty-seventh Street, on Avenue A, you will find for the defendant."

It is insisted that as the plaintiff's petition charged that he was on the crossing of the street when he was injured this charge should have been given.

We recognize the truth of the proposition contended for, that "facts proved can not form the basis of a judgment unless alleged."

While the plaintiff charged the injury occurred on the street crossing, the defendant alleged that it occurred while he was walking on the trestle work.

For the purposes of the rule now invoked facts proved should be supported by a pleading on the subject, but it is not material by which party the facts are pleaded. An omission by one party may be cured by the other.

The defendant pleaded that plaintiff's injury was caused by his own contributory negligence, and that "if he had looked or listened for the approaching train, which he could have done, he would have discovered the same in time to have avoided the accident."

Plaintiff did not allege in his own pleadings that his view of the train by which he was injured was obscured by smoke or steam, but he testified as a witness to that effect. Upon that issue the court refused to give the following charge at the request of the defendant:

"There being no allegations in the plaintiff's pleadings that his view of the train which struck him was, before the time he was struck by the train, obscured by smoke or steam, you are charged that you can not take the evidence of the plaintiff as to smoke or steam into consideration in finding your verdict."

What we have said with regard to the last preceding issue applies with equal force to this. In response to the plea of contributory negligence it was proper for the plaintiff to make any proof negativing its existence.

It does not become necessary for us to decide upon whether the charge should have been given if the question had depended entirely upon the state of plaintiff's pleadings.

Appellant complains of the following charge given by the court to the jury:

"It is the duty of railway companies to ring the bell or blow a whistle at the distance of at least eighty rods from the place where such railway shall cross any street, and to keep ringing or blowing until it shall have crossed such street or stopped."

The charge is exactly in the language of article 4232 of the Revised Statutes as it read before it was amended by the Act of March 21, 1883. As amended the article reads: "The whistle shall be blown or the bell rung at the distance of at least eighty rods from the place where the railroad shall cross any public road or street, and such bell shall be kept ringing until it shall have crossed such public road or stopped."

We do not think the defendant could have been prejudiced by the

charge. The law required the defendant to keep its bell ringing; the court charged that it was required to do that or something else. Proof that it kept its bell ringing, as the law required, would have satisfied the charge. It would have been different if the charge had been that it was its duty to keep blowing or to keep ringing and blowing.

The following assignments of error are insisted upon:

"The verdict of the jury is unsupported by the evidence, and is against the manifest weight and great preponderance of the evidence in the following particulars:

"1. The evidence shows that the plaintiff was guilty of contributory negligence.

"2. The evidence shows that if the plaintiff had used ordinary precautions, or had looked to the westward before going on the railroad track or afterwards, he would have seen the approaching train in time to have remained off the track, or got off the track, and avoided the accident.

"3. The evidence shows the plaintiff was negligently walking upon the trestle bridge, over a part of Galveston Bay to the eastward of Twenty-seventh Street crossing, without observing any care or caution to ascertain whether a train was approaching from behind.

"4. The evidence shows that as soon as the defendant's employes discovered the plaintiff on the track they used every effort to avoid or prevent the accident.

"The verdict of the jury, in view of the evidence and the charge of the court that they could not find damages for permanent injury, is grossly excessive in amount, unsupported by the evidence, and shows that it was rendered through passion, sympathy, or prejudice, and not upon a fair and impartial consideration of the evidence upon the charge of the court."

While the evidence upon the issues here presented was, in some particulars, contradictory, and in others may not so clearly demonstrate the correctness of the result reached as is to be desired in all trials, we yet find the verdict sufficiently supported by the evidence to make it our duty under the rule uniformly declared in such cases to sustain the judgment, and it is therefore affirmed.

*Affirmed.*

Delivered February 18, 1890.