### JOHN ZAN ET AL. v. A. CLARK ET AL.

Decided February 3, 1909.

**1.—Misnomer—Idem Sonans.**

There is no distinction in law between the name Zan and Zann; the pronunciation being the same, the spelling is immaterial.

**2.—Vendor's Lien—Foreclosure—Parties—Interpleader.**

In an action to recover and foreclose on vendor's lien notes by assignees, defendants, the vendor and vendee, could not, by interpleader, make intermediate assignors parties, for the purpose of litigating a claim to rescind the assignment to them as having been procured by fraud.

**3.—Pleading—Facts Supplied by Answer.**

A petition is not subject to demurrer for omitting to state facts which are supplied by the allegations of defendants' answer.

**4.—Foreclosure—Assignment Procured by Fraud—New Contract.**

No defense to an action for recovery and foreclosure on vendor's lien notes by an assignee was shown by establishing that the assignment was invalid because procured by fraud on the assignor and that the makers had settled with him by reconveying the land, where the uncontradicted proof showed that after the discovery of such fraud the assignor had settled with the assignee his claim arising therefrom by receiving a new consideration.

Appeal from the District Court of Falls County. Tried below before Hon. Richard I. Munroe.

*Tom Connally,* for appellant Holland; *W. W. Holland, Jr.,* for appellant Zan.—Suit against John Zann upon a written instrument can not be maintained against John Zan, when misnomer is especially plead by sworn plea. Cummings v. Rice, 9 Texas, 528; McClelland v. Smith, 3 Texas, 210; Miszener v. Siter, 23 Texas, 621.

The court, by overruling Zan's plea of misnomer and forcing him to answer as John Zann, could not, over his objection, introduce notes by John Zan, to support plaintiffs' case against him as John Zann. Mims v. Mitchell, 1 Texas, 443; Guess v. Lubback, 5 Texas, 538; McGreal v. Wilson, 9 Texas, 426; Smith v. Montes, 11 Texas, 26.

Any person who commits a fraud is responsible therefor, whether the fraud be relied upon as a ground for an action of deceit, or as a ground for avoiding a contract; and the plaintiffs having obtained possession of the notes through the fraud of Damon & Gibson, they were proper parties to the suit. 14 Am. & Eng. Ency. Law (2d ed.), 152, sec. 12.

Where the petition asks for no redress against a defendant and shows no cause of action against him, a demurrer should be sustained. At no place in the plaintiffs' first amended petition is any allegation showing Holland's connection with the land or notes, except to allege that he had transferred the notes to Damon & Gibson, without recourse upon him, simply asking for foreclosure against Holland, without reason. Rev. Stats., art. 1191.

The court erred in refusing to allow the defendant Holland to go to the jury on the question of fraud and misrepresentation of the defendants Damon and Gibson, because the undisputed evidence showed that the plaintiffs Clark and Mosely obtained the notes from said parties long after their maturity. Rev. Stats., 1895, art. 307; Walker v. Wilson, 79 Texas, 185; Mayfield Gro. Co. v. Price, 43 Texas Civ. App., 391; Claflin v. Harrington, 91 Texas, 294; Alexander v. Bank, 47 S. W., 841; Lybrand v. Fuller, 69 S. W., 1008; Wright v. Hardie, 30 S. W., 675; Rische v. Planters' Nat. Bank, 84 Texas, 413; Ricker Nat. Bank v. Brown, 43 S. W., 909.

*Spivey & Carter,* for appellees Clark and Moseley.—After Holland ascertained the fraud that had been practiced upon him with respect to the Mexico land, he demanded and accepted a contract allowing him to change his location, and thereafter continued to demand a deed to the Mexico land as selected by him, and also dealt with same as his property, and continued to hold such relocation certificate. He was therefore not entitled to recover possession of the notes in suit, nor to resist their payment by sale of the land securing them. And the court upon this issue correctly instructed a verdict for plaintiffs. Beach on Contracts (1897), sec. 812; Wells v. Houston, 23 Texas Civ. App., 629; Critchfield v. Stanfield, 2 Posey, 480, 482.

Zan and Zann are idem sonans; and where defendant does not claim surprise, and it reasonably appears that he had no cause therefor, the variance, if any, is harmless and immaterial. Galveston, H.

& S. A. Ry. v. Puente, 30 Texas Civ. App., 246; Swift v. Bruce, 31 Texas Civ. App., 92; Raywood, etc., Co. v. Langford, 32 Texas Civ. App., 401; Butler v. Holmes, 29 Texas Civ. App., 49. The following names have been held idem sonans: Cabinis and Cabiness—Lembert v. Cabiness, 75 Texas, 228; Emerly and Emerley—G., H. & S. A. Ry. Co. v. Daniels, 20 S. W., 955; Dillahunty and Dillahinty—Dillahunty v. Davis, 74 Texas, 344; Yarbery and Yarboro—Russell v. Oliver, 78 Texas, 15; Giboney and Gibney—Fleming v. Giboney, 81 Texas, 427; Hieronymous and Heronymous—Tevis v. Collier, 84 Texas, 639.

The cause of action alleged by Holland for damages against Damon & Gibson being in no way connected with plaintiffs or their cause of action, and no relief being asked against plaintiffs (nor could there be) as to such damages, there was an improper joinder of causes of action and parties. Oak Cliff College v. Armstrong, 50 S. W., 610, and authorities cited on page 612, all of which are in point.

While perhaps plaintiffs' petition may not have stated sufficiently a cause of action against defendant Holland, it prayed for foreclosure against him upon the tract of land described. The petition, therefore, was not subject to general demurrer, but may have been to special exception. But the defendant Zan alleged that before the suit was filed he had sold and conveyed the land in controversy to the defendant Holland and deed had been duly recorded, which allegation is not denied by Holland. Therefore the pleading over by Zan put said matter in issue, and cured the defect, if any, in plaintiffs' pleading. Holland also plead that he was the original vendor of said land, and was, by reason of the fraud practiced upon him, still the owner of the superior title, and prayed for cancellation of his transfer of it to Damon & Gibson. Hill v. George, 5 Texas, 87-8; Grimes v. Haygood, 19 Texas, 246.

*Z. I. Harlan,* for appellees Damon and Gibson.

KEY, ASSOCIATE JUSTICE.—The nature and result of this suit is stated as follows in appellant's brief:

"This suit was instituted in the District Court of Falls County, on June 20, 1905, by the plaintiffs A. Clark and Annette Moseley, upon six vendor's lien notes and for the foreclosure of the vendor's lien executed by John Zann and payable to the order of W. W. Holland and by said Holland endorsed without recourse to the firm of Damon & Gibson. One of these notes was by Damon & Gibson transferred and assigned to Miss Annette Moseley, and the other five notes were transferred and assigned to A. Clark.

"This suit was instituted by plaintiffs A. Clark and Annette Moseley, jointly, against defendants John Zan and W. W. Holland upon six vendor's lien notes and for foreclosure of the vendor's lien upon 161¾ acres of land situated in Falls and Robertson Counties. All of said notes were executed by John Zan on the 27th day of October, 1900, and were due in one, two, three, four, five and six years after date respectively, and were payable to the order of W. W. Holland and each was for the sum of $316.66 2-3 and each bears interest at

the rate of ten percent per annum and contain the usual clause of ten percent attorney's fees. Each of said notes also contains a clause providing as follows: 'It is understood and agreed that failure to pay this note or any installment of interest thereon when due, shall, at the election of the holder of them, or any of them, mature all notes this day given by me to said W. W. Holland in payment for said property.' Each of said notes also contains this clause: 'This note is given in part payment for a certain lot or parcel of land situated in Robertson and Falls County, Texas, 160 acres of the John West league, this day conveyed to John Zan by W. W. Holland.' Each of said notes also contains the following: 'Consideration. Cash, $750.-66 2-3; Note 1, $316.66 2-3; Note 2, $316.66 2-3; Note 3, $316.-66 2-3; Note 4, $316.66 2-3; Note 5, $316.66 2-3; Note 6, $316.-66 2-3." Upon Note No. 1 there was a credit of $100 of date October 26, 1901, and a credit of $50 of date October 4, 1902.

"On January 20, 1904, all of these notes were endorsed in blank without recourse by W. W. Holland, and transferred by him to Damon & Gibson, a firm composed of H. G. Damon and Guy M. Gibson, and on said date Holland executed a transfer of the vendor's lien to said parties. At the time of the transfer of these notes by Holland to Damon & Gibson, Notes Nos. 1, 2 and 3 were due and unpaid.

"Defendants Holland and Zan's pleadings allege that the consideration for the transfer of these notes by Holland to Damon & Gibson and the transfer of vendor's lien was the written promise by Damon & Gibson to convey to defendant Holland four hundred and fifty acres of land in the Republic of Mexico, which said land Damon & Gibson represented to Holland was very fertile and covered with dense forests of mahogany, rosewood and other valuable timbers, and free from overflow and insects, etc. That said representations were knowingly, falsely and fraudulently made and that they were untrue and in consequence the consideration for said transfer had failed and the notes herein sued upon were still the property of W. W. Holland. About January 26, 1904, Damon & Gibson put up one of these notes, the one due October 27, 1904, with Miss Annette Moseley as collateral security for a loan, and on June 14, 1905, said note was sold and transferred to the plaintiff, Miss Moseley. The other five notes were transferred to the plaintiff, A. Clark, in February, 1905.

"The defendants Holland and Zan interpleaded Damon & Gibson and set up rescission of the transfer of the vendor's lien and transfer of the notes, and asked for special damages, asked for rescission, and defendant Holland also prayed for judgment for the title and possession of the notes against all parties to the suit. Defendant Zan pleaded payment of said notes to Holland by a retransfer of the land.

"Upon a trial before a jury, the court instructed a verdict for the plaintiffs against John Zan for the full amount of the notes, and a foreclosure of the vendor's lien against both defendants Holland and Zan, and rendered judgment accordingly."

There is no merit in appellants'. first and second assignments of error, based upon the alleged distinction between the names John Zan and John Zann. Rules of spelling do not constitute rules of

law, and if a name spelled with different letters can have but one pronunciation, insofar as legal rights are concerned it is not material which way the name is spelled.

The third assignment is addressed to the action of the court in refusing to allow the defendants to implead Damon & Gibson. We overrule that assignment, because it is not shown that Damon & Gibson were proper parties to the controversy between the plaintiffs and defendants, and the defendants had no right to litigate in this case any cause of action they may have against Damon & Gibson. (Frey v. Ft. Worth & R. G. Ry. Co., 86 Texas, 465; Oak Cliff College v. Armstrong, 50 S. W., 610; Stewart v. Gordon, 65 Texas, 347.)

The fourth assignment is overruled, because if the plaintiffs' petition did not show all the facts necessary to entitle them to a judgment of foreclosure against the defendant Holland, such facts were supplied by the defendants' answer.

The other assignments are addressed to the action of the court in directing a verdict for the plaintiffs, and in not submitting the case to the jury upon the defendants' pleas of fraud alleged to have been perpetrated upon the defendant Holland by Damon & Gibson. No error was committed in that regard, because the undisputed testimony coming from both sides shows that if the alleged fraud was ever committed by Damon & Gibson in contracting to sell Holland land in Mexico, after the discovery of the fraud by Holland he made another contract with Damon & Gibson for other lands in lieu of that charged by him to have been misrepresented by Damon & Gibson. According to his own testimony, he went to Damon & Gibson, charged them with misrepresenting the land they had agreed to sell him, and demanded $1500 compensation for the wrong done him. That demand was refused, but in lieu thereof and as a substitute for the first contract, another was made by which he was to have other lands. This being the case, the alleged fraud pleaded by Holland constituted no defense to this suit.

No error has been shown, and the judgment is affirmed.

*Affirmed.*

Associate Justice Rice did not sit in this case.

Writ of error refused.