WILSON v. DUNCAN et al. (No. 128.)

(Court of Civil Appeals of Texas. Waco. Dec. 31, 1924. Rehearing Denied Feb. 5, 1925.)

1. Pleading ⊕⇒387—Variance between contract alleged and proved ordinarily fatal.

Plaintiff must prove case substantially as alleged, and variance between contracts alleged and proved is ordinarily fatal.

2. Pleading ⊕⇒403(2) — Allegations omitted from petition may be supplied by allegations in answer.

In passing on demurrer to petition, or determining issues to be submitted or sufficiency of pleadings to support judgment, necessary allegations omitted from petition may be supplied by allegations in answer, and pleadings of both parties construed together.

3. Pleading ⊕⇒403(2)—Answer may sometimes be considered in determining issues and plaintiff's right to recover, though contradicting petition.

Defendant's answer may sometimes be considered in determining issues, and plaintiff's right to recover, though it contradicts allegations of plaintiff's petition in particular matter.

4. Pleading ⊕⇒403(3) — Parties' pleadings, construed together, held to warrant judgment for plaintiff in amount contended for by either.

Plaintiff's and defendant's pleadings, construed together in attorney's action for fee, held sufficient to sustain judgment for compensation at rate of either 10 per cent. or 5 per cent. of amount of notes collected by plaintiff, as contended by him and defendant, respectively; contradictory allegations not concerning different transactions.

5. Accord and satisfaction ⊕⇒10(1)—Compromise and settlement ⊕⇒6(2)—Secret undisclosed grievance does not constitute dispute.

Client's secret undisclosed grievance because attorney miscalculated interest on secured notes, causing him to bid more than the amount of his debt for property at trustee's sale, did not raise good-faith dispute as to right of offset against attorneys' fees, so as to support accord and satisfaction.

6. Accord and satisfaction ⊕⇒11(1)—Compromise and settlement ⊕⇒5(2)—Payment of less than admitted due not accord and satisfaction.

Payment of less than is admitted to be due, though tendered and accepted in full, does not amount to accord and satisfaction.

Error from Dallas County Court at Law; T. A. Work, Judge.

Action by John G. Wilson against Worth Duncan and another. Judgment for defendants, and plaintiff brings error. Reversed and remanded.

Wm. F. Robertson, of Dallas, for plaintiff in error.

⊕⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Church & Bane, of Dallas, for defendants in error.

GALLAGHER, C. J. The parties will be designated as in the trial court. Plaintiff, John G. Wilson, brought this suit against defendant Worth Duncan and Starkey Duncan to recover the sum of $614.07, which he alleged was the unpaid balance of an attorney's fee of $1,202.60 due him under a contract made between him and defendant Worth Duncan.

The material allegations of plaintiff's petition were that the defendant Worth Duncan owned five certain promissory notes, each secured by separate deeds of trust on separate parcels of land in Jones county; that said notes had all been declared due under a provision for accelerated maturity therein contained; that each of said notes provided for the payment of 10 per cent. additional as attorney's fees, if placed in the hands of an attorney for collection; that said defendant placed said notes in his hands for collection and promised to pay him the 10 per cent. stipulated therein as compensation for his services in collecting said notes; that he performed all necessary services in connection with the collection of said notes, including services not contemplated at the time of employment but necessary to such final collection; that 10 per cent. of the principal and interest of said notes amounted in the aggregate to said sum of $1,202.60; that defendant Worth Duncan had paid him to be applied thereon the sum of $558.53, leaving a balance due him of $614.07, the amount sued for herein. He further alleged that the collection of said notes was finally effected by a sale of the property subject to said liens by defendant Starkey Duncan as substitute trustee; that said Worth Duncan purchased said property at said trustee's sale; that his bid was in excess of the principal, interest, and attorney's fees oh said several notes; that it was the duty of said trustee before delivering deeds to said property so purchased by defendant Worth Duncan to collect from him and pay to plaintiff the 10 per cent. attorney's fees stipulated in said notes; that he failed to do so, and was therefore personally liable for the balance of his attorney's fees sued for herein.

Defendant Worth Duncan answered by general denial, by special plea that he did place the notes described in plaintiff's petition in his hands for collection; that plaintiff agreed to perform all services necessary in connection with such collection and to divide the attorney's fees stipulated in said notes with said defendant, and to accept one-half of said amount, or 5 per cent. of the principal and interest of said notes, as full compensation for his services in the premises; that it was plaintiff's duty to calculate the amount due on said notes, to be used as a guide in bidding on said property when offered for sale by the trustee; that plaintiff made a mistake in said calculation, which resulted in his bidding for said property at such sale some $3,000 more than the amount of his debt, to his material damage; that he paid the said $588.53 credited by plaintiff on the claim sued for, in full of plaintiff's demand thereon, and that the same constituted an accord and satisfaction and a bar to further recovery by plaintiff.

Plaintiff pleaded in reply thereto that it was true, as alleged by defendant, that defendant had placed said notes in his hands for collection, but that defendant had expressly agreed to pay him 10 per cent. of the amount thereof for his services in the premises; that he refused to accept and did not accept the said amount so paid by defendant and admitted in his petition to have been paid to him in full of his demands for said services.

The pleadings of the parties in this case cover 39 pages of the transcript. We think the brief summary above given is sufficiently explicit for the purposes of this opinion, except as to the issue of accord and satisfaction. The statement of the pleadings on that issue will be elaborated in connection with our discussion of the same.

The case was submitted to a jury on special issues. These issues consisted of four questions propounded to the jury, which questions with the answers of the jury thereto were as follows:

"Question No. 1. Did the defendant Worth Duncan agree to pay the plaintiff John G. Wilson 10 per cent. of the principal and interest due on the notes in question, for the said Wilson's services in collecting the principal, interest, and attorney's fees provided in said notes? Answer: No.

"Question No. 2. Before the defendant paid plaintiff the $588 check, was there a controversy in good faith between the defendant and the plaintiff as to the amount due for plaintiff's services? Answer: Yes.

"Question No. 3. Was the $588 check in question given by defendant Duncan to plaintiff Wilson in complete settlement and satisfaction of plaintiff's claim and demand against the defendant? Answer: Yes.

"Question No. 4. Did the plaintiff, Wilson, receive and accept said $588 check in full and complete settlement and satisfaction of his said claim against defendant Duncan? Answer: Disagreed."

The court rendered judgment in favor of defendants on said verdict. Plaintiff presents the case for review by writ of error.

Plaintiff contends, among other things, that an answer to said question No. 4 was necessary to authorize a judgment for defendants on said verdict, and that the court erred in rendering judgment thereon, instead of declaring a mistrial of the case. Defendants contend that plaintiff was precluded from a recovery by the answer of the jury

to question No. 1, and that on account of such answer all other questions became immaterial, and that the court could not have properly rendered any other judgment except a judgment for defendants, even if the jury had answered question No. 4 in the negative.

[1] Both plaintiff and defendant testified on the trial of the case. Both testified that defendant placed the notes in plaintiff's hands for collection; that plaintiff undertook to collect the same; that he performed all the professional services necessary in connection therewith, and that said notes were collected by defendant's purchasing the mortgaged property at trustee's sale upon a bid therefor in excess of his debt. Plaintiff testified that defendant agreed to pay him 10 per cent. of the principal and interest of said notes for his services. Defendant testified that he told plaintiff he would pay him 5 per cent. of such principal and interest for such services, and that plaintiff accepted employment on such terms and rendered all the services sued for under such contract. Defendants base their contention that the finding of the jury in response to question No. 1 precludes any recovery by plaintiff on the proposition that plaintiff, having alleged a specific contract for compensation for his services at the rate of 10 per cent., must prove such contract as alleged, and, having failed according to the finding of the jury to do so, could in no event recover anything in this case, regardless of the issue of accord and satisfaction. The rule that the plaintiff must prove his case substantially as alleged is axiomatic. The Supreme Court in applying this rule to proof of contracts has said that:

"If any part of the contract proved should vary materially from that which is stated in the pleadings, the variance will be fatal, for a contract is an entire thing and indivisible."

Mason v. Kleberg, 4 Tex. 85, 86, 87. Had the defendant in this case relied alone on his general denial and plea of accord and satisfaction, the rule just recited would have been applicable. Defendant, however, did not so rely. He pleaded affirmatively that he placed the notes in the plaintiff's hands for collection on a specific contract to pay him 5 per cent. thereof for his services. This plea was not necessary to put plaintiff on proof of the contract alleged by him, nor to authorize defendant to introduce evidence to rebut such proof. The general denial was sufficient for such purpose.

[2] The rule is well established in this state that in passing upon a demurrer to plaintiff's petition, or in determining the issues to be submitted to the jury, or in determining the sufficiency of the pleadings to support the judgment, the omission of necessary allegations from such petition may be supplied by allegations in the defendant's answer, and that the pleadings of both parties may be looked to and construed together in such cases. Lyon v. Logan, 68 Tex. 521, 525, 5 S. W. 72, 2 Am. St. Rep. 511; Day Co. v. State, 68 Tex. 526, 538, 4 S. W. 865; Pope v. K. C. M. & O. Ry. Co., 109 Tex. 311, 322, 207 S. W. 514; Loan Assn. v. Biering, 86 Tex. 476, 484, 485, 25 S. W. 622, 26 S. W. 39; Thomas v. Bonnie Bros., 66 Tex. 635, 637, 2 S. W. 724; Wright v. McCampbell, 75 Tex. 644, 648, 13 S. W. 293; Grimes v. Hagood, 19 Tex. 246, 249; Hill v. George, 5 Tex. 87, 89. Clem Lumber Co. v. Elliott Lumber Co. (Tex. Com. App.) 254 S. W. 935, 936, 937; Zan v. Clark, 53 Tex. Civ. App. 525, 117 S. W. 892 (writ refused, 118 S. W. xv); Hennessy v. Clough (Tex. Civ. App.) 40 S. W. 157, 158; Texas & N. O. R. Co. v. Miller, 60 Tex. Civ. App. 627, 128 S. W. 1165, 1171.

[3] Had the plaintiff pleaded that defendant was denying that he had promised to pay him for his services 10 per cent. of said notes, and was claiming that he had only promised to pay plaintiff 5 per cent. thereof for such services, and had prayed in the alternative that, if the court found that he was mistaken in his allegation that defendant had agreed to pay him said 10 per cent and found that defendant agreed to pay him 5 per cent. therefor, he have judgment for such sum, less the credit admitted, it would be clear that the finding of the jury in response to the first question submitted that defendant did not agree to pay 10 per cent. for plaintiff's services would not preclude plaintiff, under the evidence above recited, from any recovery whatever in this case, but he would be entitled to recover 5 per cent. of said notes, less the credit admitted, unless such recovery were defeated by defendant's plea of accord and satisfaction. Plaintiff, however, omitted to include any such plea in his petition. Did the pleadings of the defendant as above set out in effect supply such omission? We do not think it necessary to determine this question, because the answer of the defendant may be sometimes considered in determining the issues arising in a case and plaintiff's right to recover therein, though it contradicts the allegations of the plaintiff's petition in some particular matter. In the case of Gaston v. Wright, 83 Tex. 282, 285, 286, 18 S. W. 576, 577, the original petition was in the ordinary form of trespass to try title. The subsequent pleadings of the parties are sufficiently shown by the excerpt from the opinion of the court herein quoted. The property sued for was shown on the trial to have been community property. Notwithstanding such showing, the court charged the jury in substance that plaintiff could not recover any interest in the land sued for, unless they found that the same was the separate property of his mother, as alleged by him in his supplemental petition. The giving of such

charge was assigned as error on appeal, and said assignment was disposed of by the Supreme Court as follows:

"Construing the entire pleadings, we think the issues joined present the question whether the land is the separate or community estate of Mary Coleman. The original petition asserts claim to the land without stating the title. The answer alleges the title to be the community property of the parents of appellant. Appellant by supplemental petition denies this, and alleges that the property was of the separate estate of his mother, and denies any debts owing by the community, and in the alternative says that, if the land belongs to the community estate, his father could only sell one-half thereof. We think this is a case in which the pleadings of both parties can be looked to, to ascertain the issues presented, and that the facts alleged in the answer, in connection with ·the averments of the supplemental petition, can be looked to in aid of the cause of action filed by the appellant. Railway v. Anderson, 76 Texas, 252; Lyon & Gribble v. Logan, 68 Texas, 524; Thomas v. Bonnie Bros., 66 Texas, 637; Grimes v. Hagood, 19 Texas, 249; Hill v. George, 5 Texas, 89; Land & Cattle Company v. The State, 68 Texas, 536, 538. We think there was error in giving such charge, and that the court erred in failing to submit to the jury the question of appellant's interest in the community property of Mary Coleman, if any."

The case of G., C. & S. F. Ry. Co. v. Anderson, 76 Tex. 244, 251, 252, 13 S. W. 196, 198, was an action for damages for personal injuries. The plaintiff alleged that he was struck and injured while crossing one street at the intersection of another. The defendant pleaded a general denial, and further pleaded specially that plaintiff was not injured at the intersection of said streets, but at a point some distance therefrom and while walking on a trestle over which its road was operated. We quote from the opinion in that case as follows:

"The court refused to charge the jury at the request of defendant: 'If you find from the evidence that the plaintiff Anderson was not on the crossing or intersection of Twenty-Seventh street, but that he was walking up the trestle work or railroad track to the eastward of Twenty-Seventh street, on Avenue A, you will find for the defendant.'

"It is insisted that, as the plaintiff's petition charged that he was on the crossing of the street when he was injured, this charge should have been given.

"We recognize the truth of the proposition contended for that 'facts proved cannot form the basis of a judgment, unless alleged.'

"While the plaintiff charged the injury occurred on the street crossing, the defendant alleged that it occurred while he was walking on the trestle work.

"For the purposes of the rule now invoked, facts proved should be supported by a pleading on the subject, but it is not material by which party the facts are pleaded. An omission by one party may be cured by the other."

See, also, Melton v. Beasley, 56 Tex. Civ. App. 537, 121 S. W. 574, 576, 577 (writ refused); Maryland Casualty Co. v. Hudgins, 97 Tex. 124, 127, 128, 76 S. W. 745, 64 L. R. A. 349, 104 Am. St. Rep. 857, 1 Ann. Cas. 252; Barnes v. Williams' Administrator (Tex. Civ. App.) 143 S. W. 978, 982; Haggart v. Ellis (Tex. Civ. App.) 29 S. W. 407.

[4] It will be noted that in Railway v. Anderson, supra, it reasonably appeared from the pleadings of both plaintiff and defendant when construed together that the same accident was alleged in each of such pleadings, and that the contradiction considered was merely a controversy over one of the details of the accident. In Gaston v. Wright, supra, it clearly appears that the pleadings of both parties referred to the same property, and that the contradictory allegations merely presented a controversy over the character thereof with reference to being separate or community, as such character affected the inheritance thereof under the laws of descent and distribution. It clearly appears from the pleadings in this case that both plaintiff and defendant pleaded the same transaction, and that the contradictory allegations concerning the amount of compensation promised by defendant to plaintiff for his services constituted the real issue between the parties. Such being the case, we think the pleadings in this case construed together would have sustained a judgment for plaintiff. for compensation at the rate of 10 per cent. of said notes, as pleaded by him, or for such compensation at the rate of 5 per cent. of said notes, as contended by the defendant.

We think this case is easily distinguishable from the case of Morris v. Kasling, 79 Tex. 141, 15 S. W. 226, 11 L. R. A. 398. In that case the plaintiff pleaded that the defendant offered a reward for the *capture* of the party who burglarized his store. Defendant pleaded a general denial, and further alleged that, believing said burglary had been committed by three certain parties, he offered said reward for the *arrest and conviction of said three persons.* The court held that the contract pleaded by plaintiff was an entirely different contract from the one pleaded by the defendant; that the contract pleaded by defendant did not constitute a plea in confession and avoidance of the contract pleaded by plaintiff; and that, if such plea had been excepted to, it should have been stricken out. The plaintiff in that case testified that he caused the *capture and conviction* of a party for such burglary. There was no contention that the person so captured and convicted was one of the three persons for whose arrest and conviction defendant pleaded he had offered a reward. The evidence therefore was wholly insufficient to raise an issue of. compliance by plaintiff with the terms upon which defendant pleaded he had

offered such reward. The court held that there was no averment in the pleadings of either party that the reward was offered for the *capture and conviction of the man who was captured and convicted*, and that a requested charge that plaintiff, having pleaded that the reward sued for was offered for the *capture* of the party who committed said burglary, could not recover unless he proved such offer as alleged should have been given.

[5] Defendant in his plea of accord and satisfaction predicated his claim of dispute in good faith as to the amount due by him to plaintiff on two contentions. One was that the plaintiff claimed 10 per cent. of the amount of the notes for his services in the premises, whereas, according to defendant's theory, he was only entitled to 5 per cent. The other was that the plaintiff had performed his services in an unskillful manner, in that he had miscalculated the actual amount due on said notes at the time of the trustee's sale, and by such miscalculation caused the defendant to bid more for the property than the total amount of his debt. So far as the first of said contentions is concerned, it was eliminated by the verdict of the jury. So far as the second contention is concerned, it nowhere appears that such contention was brought to the attention of plaintiff at or prior to the time he cashed the $588.53 check. Defendant testified that, in the conversation with plaintiff concerning a settlement, plaintiff claimed that he was entitled to 10 per cent., and that he (defendant) insisted that plaintiff was only entitled to 5 per cent. He also testified that when he sent the said check he thought he was paying plaintiff 5 per cent. of the amount of said notes. Said check was in fact less than said 5 per cent.

[6] Notwithstanding defendant may have been at the time dissatisfied with plaintiff's services with respect to the calculation of interest, and may have felt that he had suffered damage thereby, such secret, undisclosed grievance did not raise the issue of a dispute in good faith between him and plaintiff with reference to whether he was entitled to some offset against the compensation due plaintiff for his services calculated at the rate of 5 per cent. It is true that said check was indorsed: "Fee in full Staples case," but payment of a less amount than that admitted to be due, though tendered in full and so accepted, does not amount to an accord and satisfaction for lack of consideration for remission of the remainder of the admitted debt. Simmons Hardware Co. v. Adams (Tex. Civ. App.) 147 S. W. 1196, and authorities there cited; Farris v. United States Fidelity & Guaranty Co. (Tex. Civ. App.) 251 S. W. 612, 613, and authorities there cited.

We construe the record as showing that this case was tried and judgment rendered therein on the theory that, unless plaintiff sustained his contention, defendant agreed to pay him 10 per cent. of the amount of said notes as compensation for his services in the premises, he could not recover any sum whatever. We think such theory was too restrictive of plaintiff's rights in the premises, and that the court erred in rendering judgment thereon.

The judgment of the trial court is reversed and the cause is remanded, for another trial.