## CITY OF LAREDO v. W. H. RUSSELL.

(Case No. 888.)

1. MEASURE OF DAMAGES — CONTRACT FOR PATENTS — ALLEGATION OF DAMAGES.— The petition of plaintiff alleged that the city council of a town by resolution employed an attorney to obtain from the state patents for its lands, agreeing to pay him a portion of the land for his services; that before the patents were obtained the business was taken from the attorney by the city authorities.  He sued for specific performance, alleging the doing of various acts in fulfillment of his part of the contract, and there is an alternative prayer for the money value of the consideration promised him, but a failure to allege, either generally or specifically, damage to himself.  Judgment by default was rendered and a writ of inquiry executed, on which there was a verdict for $1,250 as the value of the land.  *Held,*

    (1) That as it was not alleged that the land had been patented, or could have been by proper action of the city council, there was no ground afforded for the recovery of any remuneration under the contract alleged.

    (2) If by reason of the city's refusal to permit plaintiff to carry out his contract a case was stated for the recovery of damages, the measure of damages would not be the value of the land agreed to be conveyed.

    (3) There being no allegation of damages, none but nominal damages could be recovered.

    (4) The allegations of the petition form no legal basis for the judgment.  This error was fundamental, and fatal even to a judgment by default.

APPEAL from Webb.   Tried below before the Hon. J. C. Russell.

Suit by William H. Russell against the city of Laredo for the alleged breach, by the defendant, of its contract with him to obtain from the state a patent for certain lands possessed by said city, and known as the *ejidos* of said city.

The petition alleged that the lands had not been patented to the city by the state, and that said corporation, being desirous to obtain a patent for the same, the common council of the city did at a regular meeting in the year 1875, in the month of July or August, pass an ordi-

nance by competent vote, a memorandum of which was at the time made by the duly appointed and acting secretary of said corporation, offering and agreeing to pay plaintiff for his professional services in procuring said patent for said land the amount of fifty acres of land, to be selected by plaintiff immediately outside the part of the tract of said city of Laredo which was at said date laid off into lots, blocks and squares.

That in January, 1876, the mayor of said city, Refugio Benavides, notified plaintiff of the foregoing offer, which plaintiff then accepted and agreed with the mayor, at an early day, to take the necessary steps to procure the patent. The plaintiff alleged that, in pursuance of the agreement, he made a trip to the city of Laredo in February, 1876, examined the necessary papers, and urged upon the surveyor of Webb county, through one of his deputies, an immediate survey of the lands of the city, and did each and every act necessary to the performance of his part of the contract. The petition proceeded to allege that the secretary of the council had omitted to enter the resolution or ordinance which contained the offer made for the services of the plaintiff; that the mayor, Refugio Benavides, promised to cause the same to be entered of record, but said council decided to leave plaintiff to his remedy in the courts, as the resolution or ordinance had been passed by a former and different set of councilmen. Plaintiff alleged that he continued to perform all such acts as were necessary to perform the contract, until he was prevented from acting further by the acts of the mayor and the council. That they took the business from his hands and gave the same to other parties, in fraud and disregard of plaintiff's rights. That the draft or memorandum in writing of the substance of the resolution was in the hands of the secretary, and never in possession of the plaintiff; that he supposed the same to be lost or destroyed, and offered to prove the contents

thereof at the trial; and that the land which defendant contracted to pay plaintiff for his services is worth $1,500.

The petition prayed for judgment, that the defendant cause to be surveyed fifty acres of land belonging to the city of Laredo, to be selected by plaintiff outside the part of said tract of land which in the month of February, 1876, was laid off or surveyed into lots, blocks, streets and squares, and that the mayor of that city, now Atanacio Vidaurri, be commanded and required to execute unto plaintiff a good and perfect title to fifty acres of land, and to satisfy the same, and that judgment be rendered that plaintiff do have and recover the sum of $1,500 from the defendant, should the defendant fail, refuse or neglect to survey the land and make deed thereto on the demand of plaintiff, and for costs and general relief, etc.

On the fifth day of the term judgment by default was rendered against the defendant with a writ of inquiry. A motion was made to set aside the judgment, which was overruled, on the hearing of the writ of inquiry to ascertain the damages to be assessed. The judgment recites that, after argument of counsel and charge of the court, the following verdict was returned: "We, the jury, in the case of William H. Russell v. The City of Laredo, value the land in question at $25 per acre." Upon which verdict it was adjudged by the court that the plaintiff recover from the defendant the sum of $1,250, with interest from the date of the judgment until paid, at the rate of eight per cent. per annum.

The defendant's motion for a new trial was overruled, and, appealing to the supreme court, it assigned the following, among other grounds of error, namely: "The judgment of the court is erroneous in that it does not conform to the pleading, and is repugnant thereto."

*Atanacio Vidaurri,* Mayor of Laredo, for appellant.

No briefs for the appellee on file.

WALKER, P. J. COM. APP.— This ground of error is well taken and must cause a reversal of the judgment. Under any supposable alternative the discrepancy between the judgment rendered and the cause of action relied upon by the facts and allegations of the plaintiff's petition is palpable, and must be conclusive of this appeal. If the plaintiff's petition be considered one seeking a specific performance of the contract, the judgment, being one rendered for damages, is materially variant from such a basis laid for its rendition. On the other hand, if the prayer of the plaintiff's petition be considered as asking damages for breach of the contract, no facts are alleged in the petition as the basis for such damages. The petition neither alleges in general terms damages resulting to himself by reason of the defendant's failure to comply with the alleged contract, or of permitting himself to carry out the same; nor does said petition allege any special acts or facts whereby he was damaged by reason of the defendant's failure to recognize said contract, nor to permit him to carry out the same.

It cannot be pretended that the measure of the plaintiff's damages is regulated by the simple repudiation by the defendant of the contract, or of its refusal to permit the plaintiff to perform and carry out the same as had been agreed upon.

Upon the facts stated by the plaintiff, he not having obtained the patent as he had undertaken to do, even though in no default for said failure, might entitle him to merely nominal damages, accordingly as facts not developed by allegation or proof might show the extent of his injury; or such undeveloped facts and allegations might show great injury, damage and loss, entitling him even in supposable cases to an amount of damages equal

to, or in excess even of, the value of the land contracted for.

The judgment is rendered in pursuance of the plaintiff's alternative prayer for the value of the land, which is ascertained to amount to $1,250; the allegation of facts, however, on which such prayer is predicated, consist merely in acts of repudiation of the alleged contract by the defendant, and consequent non-performance thereof by the plaintiff. The petition does not allege, even, that said land has ever yet been patented through the services or agency of any person in behalf of the defendant; nor does the petition show what cost, labor or expense the plaintiff had incurred in the performance or attempted performance of the alleged contract.

Unless it is alleged that the land had been in fact patented to the defendant, or that the land could have been patented by the proper action of the city of Laredo by or through its agent or agents, there would not be afforded any ground on which the plaintiff could claim any remuneration from the city under a contract which proposed only to pay him in land in case he did procure the patent. But aside from this consideration, the value of the land agreed to be conveyed under the contract does not afford the measure of damages for the breach of the contract which stipulated for his services, nor is the plaintiff's right to recover damages based upon any other consideration or right than the ordinary consequence of a breach of the terms of a contract.

In a word, the case made by the plaintiff by his pleading alleged no fact or facts which afforded grounds for the recovery of the value of the land in question. It showed no cause of action, unless as a suit for damages for a breach of the contract imputed to the defendant, and no allegation of damages for such breach is made in the petition. The error is a fundamental error which

goes to the merits of the plaintiff's cause of action, and will be considered whether assigned as error or not, where the justice of the case seems to require it. See Salinas v. Wright, 11 Tex., 572; Rankert v. Clow, 16 Tex., 9.

Facts proved cannot form the basis of judgment unless alleged. Hall v. Jackson, 3 Tex., 305. The allegations must be sufficient on which to form a legal basis on which to predicate the judgment; and the fact that the judgment is taken by default does not dispense with the requirements of the rule that the pleadings and proof must correspond, and that the pleadings must constitute a sufficient legal basis on which to predicate the judgment. Ibid. There is no rule so stringently enforced as that the allegations must be broad enough to let in the proof, and no evidence not supported by the allegations can sustain a verdict. Dennison v. League, 16 Tex., 399; and see Neil v. Newden, 24 Tex., 202; Thompson v. Thompson, 12 Tex., 327; Paul v. Perez, 7 Tex., 338, 345; McKinney v. Fort, 10 Tex., 220, 234; see also Cherry v. Newby, 11 Tex., 457.

This view of the case renders it unnecessary to consider the other assignments of error, as the matters to which they relate will not recur upon another trial. We conclude that the judgment ought to be reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.

[Opinion delivered February 13, 1882.]