## JOHANNA FARENTHOLD V. WILLIAM TELL ET AL.

Decided October 28, 1908.

1.—Appeal—Cross-assignment of Error—Fundamental Error.

A general demurrer raises a question of fundamental error, and a cross assignment of error based upon the action of the trial court in overruling a general demurrer, will be considered on appeal although the assignment was not filed in the court below, as required by rule 101 for the District and County ·Courts.

2.—Liquor Dealer's Bond—Breach—Baskin-McGregor Law.

The Baskin-McGregor law did not repeal the provisions of the previous law which permitted aggrieved persons to recover the penalties prescribed for infractions of liquor dealers' bonds, but repealed only those parts of the previous law which were in conflict with its provisions.

3.—Same—Charge upon Issue not Plead—General Verdict.

In a suit against a retail liquor dealer for breach of his bond in selling intoxicating liquor to an habitual drunkard, although the defendant had not plead the same the court submitted to the jury as a defense, among others, the issue of a sale in good faith on the belief that the party to whom the liquor was sold was not an habitual drunkard. Held, the verdict being a general one for the defendant, and it being impossible to say upon what issue it was rendered, the judgment must be reversed.

4.—Appeal—Motion for New Trial—Assignment of Error.

In order to base an assignment of error on the rulings of the trial court upon exceptions to the pleadings, the admission of evidence, and in the giving and refusing of instructions, it is not necessary that these questions be presented in the motion for new trial. The court having once acted upon them it is not to be presumed that it will change its ruling.

5.—Liquor Dealer's Bond—Breach—Good Faith as Defense.

In a suit for breach of a liquor dealer's bond, the defense of good faith in the sale upon the belief that the person was not an habitual drunkard, must be plead and proved by the defendant. In the absence of pleading presenting the defense, even though there be evidence to prove it, a verdict for the defendant must be set aside.

6.—Intoxicating Liquors—Notice not to Sell—Statute Construed.

The wife, mother, daughter or sister of any person has the power under our statute to place him in· the class of those to whom the sale of intoxicating liquor is prohibited by giving the notice to the liquor dealer prescribed by the statute, and has the power to withdraw him from that class by withdrawing or revoking the notice. The sale of such liquors to a minor, a student of any institution of learning or to an habitual drunkard is absolutely prohibited, and no one has authority to consent to a sale to them. It is otherwise where a person is made a member of the prohibited class through and by virtue of the notice prescribed by statute. The withdrawal of the notice removes the illegality of the sale.

7.—Same—Revocation of Notice—Evidence.

Testimony that the notices given to other saloon keepers not to sell intoxicating liquors to a certain person, had been revoked by the person giving the notice, would only be admissible as a circumstance corroborative of the defendant's testimony that the notice had been revoked as to him also, and the court should by its charge limit the testimony to this purpose.

8.—Same—Motive Prompting Suit—Pleading.

The motive which may prompt an aggrieved person to sue upon a liquor dealer's bond is irrelevant .and immaterial, and the allegations of an answer

setting up that the suit was instituted for purposes of speculation should, on exception, be stricken out.

Appeal from the District Court of Colorado County. Tried below before Hon. M. Kennon.

*Brown, Carothers & Brown,* for appellants.—In a suit upon a liquor dealer's bond for breach thereof by sales made to an habitual drunkard, the defense that such sales were made in good faith, with the belief that the purchaser was not an habitual drunkard, with good ground for such belief, is a defense which must be pleaded by the defendant to be available to him, and if such defense is not pleaded by the defendant, it is error for the court to submit such defense to the jury. Lucas v. Johnson, 64 S. W., 823; Haney v. Mann, 81 S. W., 66; Farr v. Waterman, 95 S. W., 65; State v. Meyer, 23 S. W., 427.

That submitting a defense not pleaded is error, see Moody v. Rowland, 100 Texas, 363; Findley v. Holly, 85 S. W., 24; Watts v. Johnson, 4 Texas, 318; Island City Assn. v. New York & T. Steamship Co., 80 Texas, 375; Rotan Co. v. Martin, 57 S. W., 709; Harden v. Hodges, 33 Texas Civ. App., 155.

In a suit on a liquor dealer's bond for sales made to plaintiff's husband while an habitual drunkard, the burden is upon the defendant to prove that such sale was made in good faith, with the belief that the plaintiff's husband was not an habitual drunkard, with good grounds for such belief. If the defendant fails to make such proof it is error to submit such issue to the jury. Creel v. Cordon, 98 S. W., 387.

The court erred in its charge given at defendant's request, when, after charging that a revocation by plaintiff of the notice to defendant not to sell her husband would be a defense, the court further charged as follows: "And this would be so, whether the said Tell did or did not consider said notice not to sell intoxicating liquors still in force, and regardless of whether plaintiff willingly revoked such notice, or did so through fear or duress of her said husband." Markus v. Thompson, 111 S. W., 1074; Roach v. Springer, 75 S. W., 933; Tarkington v. Brunett, 51 S. W., 274; Goldsticker v. Ford, 62 Texas, 385; McCue v. Klein, 60 Texas, 168; Missouri, K. & T. Ry. Co. v. Dennins, 84 S. W., 860; Waxahachie National Bank v. Bielharz, 94 Texas, 493; Ford v. Ford (Mass.), 10 N. E., 474; Wakeham v. Price, 89 S. W., 1093.

Where there is an issue of fact as to whether or not plaintiff's husband was an habitual drunkard, plaintiff alleging that he was an habitual drunkard, and defendant denying such fact and alleging that her husband did not habitually indulge in the use of intoxicating liquors, but was a sober and industrious man, it is error for the court to exclude evidence of the plaintiff, and of a neighbor of the plaintiff, as to the effect whiskey had upon her husband's treatment of her, and as to his treatment of her when drunk, as compared with his treatment of her when sober. 1 Greenleaf on Evidence (16th ed.), par. 141; 1 Wigmore on Evidence, p. 294, sec. 235; 3 Words and Phrases Judicially Defined, p. 2209, vol. 4, p. 3735; 7 Ency. of Evidence, p. 777.

The motive of the plaintiff in bringing a suit is no defense to a suit, and where the defendant pleads that the suit is brought in a fraudulent

attempt to obtain money such allegation should be stricken out on special exception. Brewster v. State, 40 Texas Civ. App., 1; Texas & P. Ry. v. Dishman, 41 Texas Civ. App., 250; Headington v. Smith, 113 Iowa, 107; 84 N. W., 982.

*Adkins & Green,* for appellees.—Error based upon the contention that the court's charge is not supported by the pleading and evidence must be called to the attention of the court by motion for a new trial before it can be complained of on appeal. Rev. Stats., arts. 1370 and 1371; Clark & Loftus v. Pearce, 80 Texas, 151; Western U. Tel. Co. v. Mitchell, 89 Texas, 441; City of Ysleta v. Babbitt, 28 S. W., 704.

That this is a penal action: Acts 1901, p. 314; Peavy v. Goss, 90 Texas, 89.

That pleadings are strictly construed and must be pleaded with certainty: Supreme Council A. L. of H. v. Story, 97 Texas, 264; De Witt v. Dunn, 15 Texas, 108; Rice v. Lemon, 16 Texas, 593; State v. Williams, 8 Texas, 265; Orton v. Engledow, 8 Texas, 209; Hays v. Stewart, 8 Texas, 360; 18 Am. & Eng. Ency. Law, par. 6, p. 278, and authorities cited thereunder.

That suit is for violation of statute and not on bond: Glover v. Storrie, 43 S. W., 1035; O'Connor v. Koch, 29 S. W., 400; International & G. N. Ry. Co. v. Pichard, 1 White & Willson Civil Cases, secs. 427-428; Davidson v. Missouri Pac. Ry. Co., Willson's 3 Texas Civil Cases, sec. 173.

That in punitory actions want of probable cause must be alleged: McNeese v. Herring, 8 Texas, 152; Griffin v. Chubb, 7 Texas, 612; Sutor v. Wood, 76 Texas, 406; McManus v. Wallis, 52 Texas, 546; 16 Ency. Plead. & Prac., p. 278, and cases cited thereunder.

A defect or omission in a pleading, in absence of exception, is cured by the verdict and judgment where the issues joined require proof, which embraces evidence of the omitted or defectively stated facts. Sabine & E. T. Ry. v. Hadnot, 67 Texas, 505; De Witt v. Millers' Adm'r, 9 Texas, 245; McClellan v. State, 22 Texas, 405; Martin v. Crow, 28 Texas, 614; Carter v. Wallace, 2 Texas, 210; Murphy v. Stell, 43 Texas, 127.

That consent is a defense to be proven as any other fact: Edgett v. Finn, 36 S. W., 830; Tipton v. Thompson, 21 Texas Civ. App., 143; Kruger v. Spachek, 22 Texas Civ. App., 307; Roach v. Springer, 75 S. W., 933.

FLY, ASSOCIATE JUSTICE.—Appellant sued William Tell as principal, and W. C. Munn and T. A. Hill as sureties, on his bond as a retail liquor dealer, for penalties arising from six several breaches of said bond in selling liquor to her husband, an habitual drunkard, and also after she had notified the liquor dealer not to sell liquor to her husband. The jury returned a verdict in favor of appellees, and from the judgment based thereon this appeal is prosecuted.

Before considering the assignments of error we wish to dispose of the cross-assignments of appellees which seek a review of the action of the court in overruling their general demurrer. While the cross-assignments do not appear to have been filed in the trial court as required by rule

101, for District and County Courts, still the question as to whether the petition is open to attack through a general demurrer—that is, fails to state a cause of action—is a fundamental one that may be raised without following the rules as to filing assignments.

The action in this cause arose under the law as to liquor dealers which was in force prior to the enactment of the present law, known as the Baskin-McGregor law, and the contention is that the latter law, being intended to cover the whole subject of liquor dealing, repealed all former laws on the subject, and consequently all prosecutions under the former must fail. That question has been fully discussed by Courts of Civil Appeals in several of the districts, and has been decided each time contrary to the contention of appellee. We are of opinion that those decisions are correct in holding that the Baskin-McGregor law did not repeal the provision of the former law which permitted aggrieved persons to recover the penalties prescribed for infractions of liquor bonds, but repealed only those parts of the former law in- conflict with its provisions. Coughtry v. Haupt, 47 Texas Civ. App., 452; Jessee v. De Shong, 105 S. W., 1011; Price v. Wakeham, 107 S. W., 132; Markus v. Thompson, 51 Texas Civ. App., —. The matter has been exhaustively treated in those decisions, and no good purpose would be subserved by a further discussion of it. The court very properly overruled the general demurrer.

All the defenses of appellees were contained in the following pleading:

"Further answering, these defendants emphatically deny that Herman Fahrenthold, the husband of plaintiff, is now or ever was an habitual drunkard; that he does not habitually indulge in the use of intoxicating liquors, but on the contrary is a sober and industrious man, and that the allegations to the contrary are untrue in fact.

"Defendants further represent to the court that if any legal notice not to sell intoxicating liquors to plaintiff's husband, Herman Fahrenthold, was ever served on the defendant, William Tell, which is not admitted, but denied, then they say that the said defendant William Tell has never, since the service of said notice, sold or given, or permitted to be sold or given, at his place of business, or anywhere else, any intoxicating liquors to plaintiff's said husband, and they say that the allegation of plaintiff that he had so sold to her said husband is without foundation in fact, and totally untrue.

"Defendants further represent that plaintiff alleges that on or about December 1, 1905, she notified defendant Tell in writing not to sell to plaintiff's husband any whiskey, beer, vinous, spirituous or malt liquors, or medicated bitters capable of producing intoxication. Now plaintiff avers that no such notice was served on him at the time alleged, and if plaintiff ever served him with legal notice not to sell such liquors to her said husband, which is not admitted, but denied, that same was done long previous to said date, the exact time plaintiff can not state, but represents to the court that even previous to any such notice, and ever since the service of alleged notice, he has steadily refused to sell to Herman Fahrenthold any whiskies or liquors above mentioned, and these defendants here now respectfully represent and state that, if any legal notice was ever served upon the defendant Tell, that the plaintiff, subse-

quent thereto, and long before the time of any of the sales, etc., to plaintiff, gave her consent to the defendant Tell to sell her said husband intoxicating liquors, and did, prior to the time of any of the alleged sales, etc., withdraw said notice, and, therefore, these defendants say that the said Tell was released from said notice not to sell, and these defendants therefore aver and charge that plaintiff has brought this suit in a fraudulent attempt to obtain money by mulcting these defendants, and for purposes of speculation, and can not, and ought not, and should not, recover anything of these defendants."

It will be noted that there is no plea that the liquor was sold to the husband of appellant in good faith, without knowledge that he was an habitual drunkard, but on the other hand the only defense bearing on the question of the husband being an habitual drunkard is that he did not habitually indulge in the use of intoxicating liquors, but was a sober, industrious man, and further, denial of the sale of liquor to him. The question of selling to him in good faith, with the belief that he was not an habitual drunkard, does not arise even by inference or implication from the pleading. The court, however, instructed the jury:

"If you find from the evidence that, at the time charged in the plaintiff's petition, the said Herman Fahrenthold was an habitual drunkard, and that while he was such drunkard, and after the 13th day of September, 1905, and within the time charged in plaintiff's petition, the defendant William Tell did sell or give, or permit to be sold or given, to the said Herman Fahrenthold at the defendant's said place of business, any spirituous, vinous or malt liquors, or medicated bitters capable of producing intoxication, you will find for the plaintiff against all of the defendants five hundred dollars for each separate time that the said defendant so sold or permitted to be sold, or gave or permitted to be given, any of such intoxicants to the said Fahrenthold, substantially as charged by the plaintiff in her petition, unless you further find from the evidence that when the defendant Tell so sold or permitted to be sold, or gave or permitted to be given, such intoxicants to the said Fahrenthold, the sale or gift was made in good faith, with the belief that the said Herman Fahrenthold was not an habitual drunkard, and there was good ground for such belief, then upon this branch of the case you will find for the defendants."

The part of that charge on the question of good faith is attacked through the first assignment of error on the ground that it presented a defense not made by the answer, and is meritorious, and must be sustained. The charge interpolated a vital issue into the case upon which the verdict of the jury may have turned. The verdict is a general one, and it can not be said upon what issue the jury based it. It is the rule that where a charge presents an issue outside of those made by the pleadings, and upon which the verdict might have been founded, the judgment based upon such verdict should be reversed. Baldwin v. Peet, 22 Texas, 708; Houston & T. C. Ry. v. Terry, 42 Texas, 451; Loving v. Dixon, 56 Texas, 75; Texas & Pac. Ry. v. French, 86 Texas, 96; Gulf, C. & S. F. Ry. v. Vieno, 7 Texas Civ. App., 347.

Appellant did not file a motion for a new trial in the court below, and neither was it necessary for her to do so in order to raise errors committed by the court in its instructions to the jury, as is contended

by appellee. Speaking on this subject, the Supreme Court held in Clark v. Pearce, 80 Texas, 151, that while appellate courts should not reverse upon the question of sufficiency of the evidence unless that question was presented to the trial court in a motion for new trial, "In regard to the rulings of the court upon exceptions to the pleadings, the admission of evidence, and in the giving or refusal of instructions, a different rule prevails. Having once acted, it is not to be presumed that the judge will change his ruling; and hence, in order to appeal from such action, it is not necessary that it be made ground for a new trial." That ruling has been cited and approved in other cases. Western U. Tel. Co. v. Mitchell, 89 Texas, 441; Houston & T. C. Ry. v. Strycharski, 92 Texas, 1.

The question of good faith was one purely defensive, and it devolved upon the defendant to allege and prove it. This is not an open question in Texas. In the case of Lucas v. Johnson (Texas Civ. App.), 64 S. W., 823, it is said: "The good faith of appellants in making the sale to the minor was a defense to the suit which, to have been available, must have been pleaded and proven by the defendants. The plaintiff was not required to prove that the defendants did not act in good faith in selling liquor to the minor, to make out his case, and, not being required to prove such fact, it was not necessary for him to allege it." To the same effect are Haney v. Mann (Texas Civ. App.), 81 S. W., 66; Farr v. Waterman (Texas Civ. App.), 95 S. W., 65. It would be intolerable to place upon those seeking redress in this class of cases not only the burden of other plaintiffs, but also require them to anticipate, allege and disprove any possible defenses that the defendants might desire to present. The charge of the court on the good faith of Tell had no pleadings upon which to base it, and even if there had been evidence of a sale in good faith, admitted without objection on the part of appellant, the charge could not be sustained. Cooper v. Loughlin, 75 Texas, 527; Western U. Tel. Co. v. Smith, 88 Texas, 9; Moody v. Rowland, 100 Texas, 363.

If there was a revocation of the notice given by appellant to Tell not to sell liquor to her husband, the private opinion entertained by him as to the efficacy and legality of that notice could not affect its force and vitality, and neither could the motives actuating the making of the revocation affect its legality, and we can not therefore sustain the second assignment of error which complains of a charge on that subject. Tell swore that the revocation had no effect on his action in regard to the sale of liquor to appellant's husband, and that he did not sell him any liquor before or after the revocation. The jury, however, might have been convinced that Tell did sell the liquor after the revocation in spite of his denial, and yet if they believed the revocation was made it would be a defense to the sale. What Tell thought about the efficacy of the revocation, or what induced appellant to make the revocation, was immaterial, and evidence on those points should not have been permitted, and its elimination from another trial will remove any necessity or excuse for giving a charge similar to the one of which complaint is made. There should have been no issue in connection with the revocation, except as to whether or not it was given, which was a question purely of fact for the jury. The issue of revocation or no revocation was raised by the evidence. The illegality of the sale to the husband of appellant, in case he

was not an habitual drunkard, depended on the notice given by her, and revocation or withdrawal of the notice at once removed him from the class of those to whom it was illegal to sell liquors. The wife, mother, daughter or sister of any person has the power to place him in the class of those to whom the sale of liquor is prohibited, and has the power to withdraw him from that class by withdrawing or revoking the notice. The statute places the minor, the student of any institution of learning, and the habitual drunkard within the prohibited class, and no one has the authority to remove either of them from that class by consenting to a sale to him, but a different case is presented where the person is made a member of the prohibited class through and by virtue of a notice given by a person bearing a certain relation to him. She undoubtedly has the power to revoke her invocation of the statute. Tipton v. Thompson, 21 Texas Civ. App., 143.

In connection with the revocation of the notice it may be well to state that evidence of notices to other saloon-keepers could not avail as a defense to Tell, for all other notices may have been revoked; yet, if the one served on Tell was not revoked, appellees would be liable to appellant on their bond. Testimony as to notices to other saloon-keepers being revoked could not be used except possibly as a circumstance to corroborate the testimony that Tell's notice had been revoked, and the evidence should be confined by the charge to that purpose. A revocation of the notice to Tell was pleaded, and in order to make it avail as a defense it must be proved that the notice to Tell was revoked by appellant.

We do not see the pertinency of the evidence as to the manner in which appellant's husband acted towards her and their son when he was intoxicated. It did not tend to prove that he was an habitual drunkard, and could have had no effect except perhaps to justify the action of appellant in serving notices on saloon-keepers not to sell him liquor. She needed no justification for that action. It was her statutory right, and one she could exercise whether her husband ever became intoxicated or not. The exercise of her right under the statute was in nowise dependent upon the manner in which her husband treated her and her son while in a state of intoxication.

The question of whether the suit was fraudulently instituted by appellant for purposes of speculation had no place in the case, and that part of the answer setting up such a defense should have been stricken out on exception. Appellant's motives in instituting the suit could have no bearing on the case. Johnson v. Rolls, 97 Texas, 453. That opinion held that the law allowing suits of this character was not passed in order to compensate the aggrieved person, but to inflict punishment on violators of law. The motives of the aggrieved person could therefore cut no figure in the determination of the case.

Under the pleadings in the case, proof either that the husband was an habitual drunkard, and liquor was sold to him by Tell, or that, after notice was legally served on him by appellant, Tell sold him intoxicating liquors, would entitle appellant to a recovery, and the court, we think, clearly and succinctly so instructed the jury. We do not think that a jury would be led, by an instruction that the burden was upon the plaintiff to prove the material allegations of her petition, to conclude that

both phases of the case presented by the allegations should be proved, to justify a verdict in favor of appellant.

For the errors indicated the judgment is reversed and the cause remanded.

*Reversed and remanded.*