The motion for rehearing is granted, and the judgment is now affirmed.

---

WETZEL v. ROBINSON et al.

(Court of Civil Appeals of Texas. Texarkana. June 1, 1911.)

1. INTOXICATING LIQUORS (§ 88*)—ACTIONS ON LIQUOR DEALER'S BOND—ISSUES—EVIDENCE.

Where, in an action on a liquor dealer's bond, for the sale of whisky to plaintiff's minor son, and for permitting the minor to enter and remain in the saloon, the only plea was that of general denial, and the proprietor and bartender denied that the minor had ever been in the saloon, and denied selling any whisky to him, evidence that signs, "No Minors Allowed," were posted in the saloon, and that the bartenders had been instructed to allow no minors in the saloon, was inadmissible, as the knowledge or good faith of the proprietor and his bartender was not in issue.

[Ed. Note.—For other cases, see Intoxicating Liquors, Dec. Dig. § 88.*]

2. APPEAL AND ERROR (§ 1050*)—HARMLESS ERROR—ERRONEOUS ADMISSION OF EVIDENCE.

The error in admitting improper evidence is reversible, unless the court can say that it had no effect on the jury in reaching a verdict.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4153–4160; Dec. Dig. § 1050.*]

3. APPEAL AND ERROR (§ 882*)—QUESTIONS REVIEWABLE—INVITED ERROR.

An error, invited by the party complaining, is not ground for reversal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3591–3610; Dec. Dig. § 882.*]

Appeal from Tarrant County Court; Chas. T. Prewett, Judge.

Action by George C. Wetzel against William Robinson and others. From a judgment for defendants, plaintiff appeals. Reversed and remanded.

Lattimore, Cummings, Doyle & Bouldin, for appellant. Smith, Turner & Bradley, for appellees.

LEVY, J. The suit is by the father to recover on a liquor dealer's bond for the alleged sale of whisky to his minor son, and for permitting the minor to enter and remain in the saloon.

[1] The first and second assignments, complaining of the admission of certain evidence, should be, we have concluded, sustained. Proof was allowed to be offered by appellees, over objection, to the effect that signs were posted in various places in the

saloon, worded "No Minors Allowed," and that the bartenders had been given instructions to allow no minors in the saloon at any time, and to be careful about selling liquor to minors. In the trial, both the proprietor and the bartender positively denied that the minor was ever in the saloon or remained in it, and denied selling any whisky to him. That he was a minor is undisputed; and the bartender, who it was claimed by appellant sold the whisky, testified that, had the minor sought to obtain whisky from him, he would not have sold it to him, as his looks and appearance showed that he was a minor. The only plea of appellees was that of a general denial. The defense of a sale in good faith was not involved by pleading or proof. See Lucas v. Johnson, 64 S. W. 823; Farenthold v. Tell, 52 Tex. Civ. App. 110, 113 S. W. 635. According to the record, the knowledge or good faith of appellees not being involved, the evidence was inadmissible for any purpose.

[2] And under the rule well established by the authorities in this respect, unless it could be said, and we do not believe it could be so said here, that it had no effect on the minds of the jury in reaching a verdict, it constitutes reversible error. The affidavit of the juror cannot be considered. The very fact that the proof was offered and insisted upon would indicate that it was regarded by counsel as material and effective evidence before the jury.

[3] If there was error in the third assignment, it was invited error, as declared under the rule laid down by the authorities, and could not be made a ground for reversible error.

The judgment is ordered reversed, and the cause remanded.