## HERNDON v. TEXAS & P. RY. CO.

(Court of Civil Appeals of Texas. El Paso. March 7, 1912. Rehearing Denied March 20, 1912.)

1. CARRIERS (§ 227*)—TRANSPORTATION OF CATTLE — CONTRIBUTORY NEGLIGENCE—SPECIAL PLEA.

Since the duty of caring for cattle in transit is imposed on the shipper only by special contract, a carrier, when sued for damages to cattle in transit, was not entitled to claim immunity, because the shipper was negligent in failing to take care of the cattle while on the cars, and to feed and water them during rest periods, in the absence of a special plea raising such defense.

[Ed. Note.—For other cases, see Carriers, Dec. Dig. § 227.*]

2. CARRIERS (§ 230*)—INSTRUCTIONS—PLEADING TO SUSTAIN.

Where, in an action against a carrier for injuries to cattle in transit, it was agreed between counsel that defendant should be permitted to withdraw from its answer a paragraph, alleging that the cattle were shipped under a written contract requiring the shipper to load, unload, and reload the stock at his own risk, and to feed and care for them in transit, but that he failed to do so, and that any injury was caused by such failure, such allegation having been eliminated, the court erred in charging that, if plaintiff was negligent in failing to remain with his cattle, and such negligence caused injury to them, the jury should find for defendant.

[Ed. Note.—For other cases, see Carriers, Dec. Dig. § 230.*]

Appeal from Nolan County Court; John Ford, Judge.

Action by E. B. Herndon against the Texas & Pacific Railway Company. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

Ed. J. Hamner and Geo. T. Wilson, for appellant. Douthit & Smith, for appellee.

HIGGINS, J. This was a suit by appellant for damages to a shipment of cattle, alleged to have been caused by the negligence of appellee; the cattle having been transported from Ft. Worth to Trent, Tex., over the line of railway of appellee. It was alleged that the cattle were in good condition

when delivered to appellee at Ft. Worth, and upon arrival at Trent several were dead, others badly crippled and injured, from which they afterwards died, and all were bruised and damaged. Appellee answered by general demurrer, special exceptions, general denial, and special plea that the cattle were of a poor and inferior quality and in such a weakened condition as to be unfit for shipment from Nacogdoches, where the shipment originated, to Trent, and that the damage to the shipment was due primarily and solely to the condition of the cattle, and not to any act of appellee.

Upon trial, and at the instance of appellee, the court gave a special instruction, which reads as follows: "At the instance of the defendant, you are charged that, if you believe from the evidence that the plaintiff, E. B. Herndon, was negligent, as defined in the main charge—that is, failed to use ordinary care and diligence in failing to remain with his cattle from Ft. Worth to Trent, Tex.—and that such negligence, if any, caused the injury or damage to said cattle, then you will find for the defendant." Appellant took a bill of exception to the giving of this charge; the bill reciting that upon trial of the cause, and before the announcement of ready, by agreement entered into between counsel for plaintiff and defendant, the defendant was permitted by the court to withdraw and strike out, cancel, and annul the fifth paragraph of the defendant's answer, which paragraph reads as follows: "And further answering herein, this defendant avers that said cattle were shipped under and by virtue of a written contract between the plaintiff and the Texas & New Orleans Railway Company, the initial carrier, inuring to benefit of this defendant, among other provisions of which it was provided that the said plaintiff would load, unload, and reload said stock at his own risk, and feed, water, and attend to the same at his own expense and risk, while they were in the stockyards of the defendant, and while on the cars or at feeding or transfer points, or wherever unloaded for any purpose, which said contract was used through on said shipment, and that the plaintiff, disregarding his duties under the terms and provisions of said contract, negligently abandoned said cattle at Ft. Worth, Tex., and thereafter failed and refused to take care of said cattle while on the cars, and that if any of said cattle were injured or damaged such injury or damage was caused by the failure of the plaintiff to properly take care of said cattle as he had agreed; wherefore defendant says that plaintiff should not recover." The bill further recites that defendant's counsel, in open court, agreed, in consideration of agreements on the part of plaintiff, that said defendant would eliminate the defense set up in foregoing paragraph of its answer.

[1, 2] It will be noted that the foregoing special charge authorized the jury to find for the defendant upon an issue raised only by the paragraph which was eliminated from defendant's answer. We think the defense suggested by this charge can be raised only by a special plea; and we do not regard as applicable those cases cited by appellee which hold that, in an action for personal injuries, where plaintiff's own case necessarily puts in issue all the facts relied upon by defendant showing contributory negligence on part of plaintiff, no plea of contributory negligence is necessary on part of defendant. Just what the law is upon this subject at this time, it is not necessary for us to inquire, as we do not deem the principle applicable in any event. The duty on the part of appellant to accompany and care for the cattle while in transportation was not a duty ordinarily resting upon him, and he was charged with that duty, if at all, by virtue only of a special contract, entered into with the railway company; such being the case, if appellee desired to avail itself of any of the benefits of this special contract, it must have pleaded the same, and, the only pleading raising this issue having been eliminated, the special charge was erroneously given, as it injected into the case an issue not raised by the pleadings. Farenthold v. Tell, 52 Tex. Civ. App. 110, 113 S. W. 635. Aside from these considerations, it was erroneously given, for the further reason that it was specially agreed by appellee that it would eliminate this defense, and, in the face of such agreement, under no circumstances would a verdict for the defendant be authorized, predicated upon the appellant's failure to remain with the cattle while in transportation from Ft. Worth to Trent. Under the view which we take of the case, it becomes unnecessary to pass upon the other questions raised by this appeal.

Reversed and remanded.