NEWMAN et al. v. BUFFALO PITTS CO.

(Court of Civil Appeals of Texas. San Antonio. Oct. 29, 1913. On Motion for Rehearing, Nov. 26, 1913.)

**1. VENUE (§ 7*) — ACTIONS ON CONTRACT — PLACE OF PAYMENT.**

An action on notes payable in G. county, where the makers resided, but providing that if they were not paid at maturity they should become due and payable at the payee's office in H. county, was properly brought in H. county.

[Ed. Note.—For other cases, see Venue, Cent. Dig. §§ 13–16; Dec. Dig. § 7.*]

**2. BILLS AND NOTES (§ 489*)—EVIDENCE ADMISSIBLE UNDER PLEADINGS.**

In an action on notes, where defendants filed only a plea of privilege which did not allege fraud, accident, or mistake, fraud or misrepresentation in obtaining the execution of the note could not be proved or considered.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1587–1642; Dec. Dig. § 489.*]

On Motion for Rehearing.

**3. BILLS AND NOTES (§ 103*) — VALIDITY — FRAUD.**

Where notes were payable at P. but further provided that, if they were not paid at maturity, they should become payable at the payee's office at H., a statement of the payee's agent that they were payable at P., with no effort to conceal the provision as to their payment at H., did not constitute fraud in obtaining the execution of the notes.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 233–240; Dec. Dig. § 103.*]

**4. JUDGMENT (§ 251*)—CONFORMITY TO PLEADINGS.**

In an action on notes, where there was no plea of fraud or misrepresentation, evidence thereof, erroneously admitted, could not form the basis for a judgment.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 437; Dec. Dig. § 251.*]

Appeal from District Court, Harris County; Charles E. Ashe, Judge.

Action by the Buffalo Pitts Company against John Newman and others. Judgment for plaintiff, and defendants appeal. Affirmed.

H. E. Hoover, of Canadian, and J. H. Davenport, of Houston, for appellants. Hunt, Myer & Teagle, of Houston, for appellee.

FLY, C. J. [1] Appellee sued John Newman, Earl Talley, A. E. Arnold, J. O. McKin-

ney, C. Vollmert, and M. S. Arnold in Harris county on certain promissory notes alleging that they resided in Gray county, Tex.; that the notes were jointly and severally executed by appellant; and that a chattel mortgage on certain property was given by them to secure the payment of the notes. Appellants pleaded their privilege to be sued in Gray county. The court rendered judgment for appellee for the amount of the promissory notes and foreclosed the mortgage lien on the personal property.

Appellants admitted in their testimony the execution of the three notes, in each of which notes it was provided that it should be paid in Gray county, but, "if this note is not paid at maturity, then it shall become due and payable at the office of the Buffalo Pitts Company at Houston, Harris county, Tex." The notes were not paid at maturity. The venue was properly laid in Harris county, and the court correctly overruled the plea of privilege.

[2] Appellants are in no condition to claim fraud, accident, or mistake, because they filed no pleadings upon which to base such claim. Their only pleading was their plea of privilege, and they should not have been permitted to introduce any testimony whatever, except in support of that plea.

The case of Stacy v. Ross, 27 Tex. 3, 84 Am. Dec. 604, does not sustain the contention of appellants that, under a statutory plea of privilege, fraud in obtaining the execution of the instrument upon which the suit is founded can be proved. Fraud, accident, or mistake is not mentioned in their plea of privilege. In the case cited there was a distinct allegation that fraud and misrepresentation were used to obtain the execution of the note. Fraud cannot be proved or considered unless it is charged in the pleadings. No case can be produced in which fraud in obtaining the execution of a note was allowed to be shown under a plea of privilege. The assignments of error raise no other questions, and they are overruled.

The judgment is affirmed.

## On Motion for Rehearing.

[3] We are of the opinion that the court erred in admitting the evidence of fraud and misrepresentation but properly refused to allow it to influence his judgment. The evidence, if it had been admissible under the pleas of privilege, which it was not, was not sufficient to indicate any fraud upon the part of the agent of appellee. If he stated that the notes were payable in Pampa, Tex., he stated a fact, and there was no effort on his part to conceal the fact that the penalty for a failure to pay at maturity was that the notes should then be payable at Houston, Tex. The evidence does not show fraud upon the part of appellee but indicates gross carelessness, if their testimony be true, upon the part of appellants. They should not be permitted to evade their contract by showing their carelessness.

[4] There being no plea of fraud or misrepresentation, evidence of such fraud or misrepresentation cannot form the basis for a decision by the trial court or this court. The allegations must be broad enough to permit proof, and evidence not based upon allegations cannot sustain a judgment. This rule is uniform and has been given strict adherence. Young v. Lewis, 9 Tex. 77; Denison v. League, 16 Tex. 400; Loving v. Dixon, 56 Tex. 75; Laredo v. Russell, 56 Tex. 398; Railway v. Anderson, 76 Tex. 244, 13 S. W. 196; Farenthold v. Tell, 52 Tex. Civ. App. 110, 113 S. W. 685. So it does not matter whether appellee is properly in this court on its cross-assignment of error or not.

The motion for rehearing is overruled.